J-S19045-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| S.W., | : | |
| | : | |
| Appellant | : | No. 2132 EDA 2018 |

Appeal from the PCRA Order Entered June 20, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002904-2003

BEFORE:    LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 21, 2019**

S.W.[1] (Appellant) appeals from the order entered on June 20, 2018, dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court has set forth the factual and procedural history as follows.

> On September 5, 2005, Appellant was convicted by a jury of two counts of rape, two counts of involuntary deviate sexual intercourse with a child, and two counts of indecent assault.  His convictions stemmed from the abuse of his three-year old daughter, C.W.  Appellant was sentenced on January 4, 2006, to an aggregate term of 11 to 22 years' incarceration.  He filed a timely appeal and this Court affirmed his judgment of sentence on December 31, 2007.  ***Commonwealth v.*** [***S.W.***], 945 A.2d 773 (Pa. Super. 2007) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court; however, he subsequently filed a timely PCRA petition seeking

---

[1] Because Appellant's underlying convictions involve the sexual assault of his biological daughter, who shares Appellant's last name, we have changed Appellant's and the victim's names to initials to protect the victim's privacy.

* Retired Senior Judge Assigned to the Superior Court.

restoration of his right to do so. That PCRA petition was granted and Appellant filed a *nunc pro tunc* petition for allowance of appeal to our Supreme Court, which was denied on April 20, 2010. **Commonwealth v. [S.W.]**, 992 A.2d 889 (Pa. 2010).

**Commonwealth v. S.W.**, 116 A.3d 697 (Pa. Super. 2014) (unpublished memorandum at 1-2). Thereafter, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, who filed an amended PCRA petition on Appellant's behalf. The PCRA court denied that petition after a hearing, and on December 23, 2014, this Court affirmed the order denying that petition. **Id.**

On September 11, 2017, Appellant filed another *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on February 6, 2018. In the amended PCRA petition, Appellant contended, *inter alia*, that the registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) violate the *ex post facto* clauses of the U.S. and Pennsylvania constitutions. Amended PCRA Petition, 2/6/2018, at ¶ 20. Appellant further contended his petition was timely filed pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[2] **Id.** at ¶¶ 21-22, 24-26.

The Commonwealth filed an answer to the amended petition, and on May 1, 2018, the PCRA court issued notice of its intent to dismiss the petition

---

[2] In **Muniz**, our Supreme Court held that certain registration provisions of SORNA are punitive and retroactive application of those provisions violates the *ex post facto* clause of the Pennsylvania constitution.

without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the PCRA court dismissed the petition on June 20, 2018. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues, pursuant to **Muniz**, that the registration requirements of SORNA cannot be applied retroactively to Appellant's convictions. Appellant's Brief at 12-14, 16-37. In Appellant's February 6, 2018 filing, counsel filed what she titled "Amended Petition for Post-Conviction Relief under the Post-Conviction Relief Act and/or *Habeas Corpus* Relief under Article I, Section 14 of the Pennsylvania Constitution and/or Motion to Correct Illegal Sentence." The PCRA court treated the filing as a PCRA petition. Appellant also argues on appeal that SORNA's registration requirements amount to custody and the lower court erred in not issuing a writ of *habeas corpus* barring registration requirements under SORNA. **See** Appellant's Brief at 14-16. As we have explained,

> [i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S. § 9542.

In his February 6, 2018 filing, Appellant invoked **Muniz**. This Court has held that "invocation of **Muniz** implicates the legality of [the] sentence, which is an issue cognizable under the PCRA and, therefore, subject to the PCRA's timeliness requirements." **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa. Super. 2019). "[C]laims challenging application of SORNA's registration provisions … are properly considered under the PCRA." **Id.** Accordingly, Appellant's February 6, 2018 filing is a PCRA petition. In any event, Appellant waived his *habeas corpus* issue by failing to raise it in his Pa.R.A.P. 1925(b) statement. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); Rule 1925(b) Statement, 8/13/2018.

We now turn to whether this PCRA petition was timely filed. Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented."[3] 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme

---

[3] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant was sentenced on January 4, 2006. This Court affirmed, and his judgment of sentence became final after the expiration of time for seeking review of our Supreme Court's denial of his petition for allowance of appeal on April 20, 2010. *See* U.S. Sup. Ct. Rule 13 (requiring petition for writ of *certiorari* to be filed within 90 days after entry of the order denying discretionary review by state court of last resort). Appellant then had one year to file a timely PCRA petition. Thus, Appellant's petition filed on September 11, 2017, is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his amended petition and on appeal, Appellant attempts to plead the new-retroactive-right exception[4] by invoking **Muniz**. Amended PCRA Petition,

_____

[4] This exception provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> \*\*\*

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

2/6/2018, at ¶¶ 12, 17-19, 21-22, 24-25; Appellant's Brief at 14, 16-17, 26.

This Court considered whether *Muniz* applied under similar circumstances in

*Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018). In that case,

this Court acknowledged

> that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on *Muniz* to meet th[e third] timeliness exception.

*Murphy*, 180 A.3d at 405-06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in *Muniz* does not

apply at this point to untimely-filed PCRA petitions. This Court acknowledges

that "if the Pennsylvania Supreme Court issues a decision holding that *Muniz*

applies retroactively, [Appellant] can then file a PCRA petition, within [one

year] of that decision, attempting to invoke the 'new[-]retroactive[-]right'

exception in [sub]section 9545(b)(1)(iii)." *Murphy*, 180 A.3d at 406 n.1.

Based on the foregoing, we conclude that Appellant's petition was filed

untimely, and he has not proven an exception to the timeliness requirements.

Thus, he is not entitled to relief. *See Commonwealth v. Albrecht*, 994 A.2d

1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing

because the appellant failed to meet burden of establishing timeliness

exception).

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 6/21/2019*