J-S46042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DAVID CHARLES TANNER | : | |
| Appellant | : | No. 108 EDA 2019 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000072-2012

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 13, 2019**

Appellant, David Charles Tanner, appeals from the order entered November 27, 2018, dismissing his first petition filed under the Post Conviction Relief Act (PCRA).[1] For the reasons set forth below, we affirm.

On December 14, 2011, the Commonwealth charged Appellant with three counts of rape of a child, three counts of statutory sexual assault, and two counts of aggravated indecent assault.[2] The charges related to allegations that he had vaginal and oral sexual intercourse with a 12-year old female victim on three or four occasions in November 2011.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(c), 3122.1(a), 3125(a)(7)-(8), respectively.

On July 2, 2012, Appellant pleaded guilty to one count of rape of a child.[3] On November 2, 2012, the trial court sentenced Appellant to 84 to 168 months of imprisonment and directed Appellant to comply with applicable sexual offender registration requirements under Megan's Law III, which was then in effect.[4] On the date of his sentencing, Appellant completed a "Notification at Sentencing" form in which he acknowledged that he would be subject to lifetime registration under Megan's Law III. Notification at Sentencing, 11/2/12, ¶11; *see also* 42 Pa.C.S. § 9595.1(b)(2) (expired). The Commonwealth filed a timely post-sentence motion for the modification of the term of imprisonment imposed upon Appellant, which the trial court denied on February 1, 2013. Appellant did not file a notice of appeal from the November 2, 2012 sentencing order or the February 1, 2013 order denying the Commonwealth's post-sentence motion.

On May 17, 2018, Appellant filed, *pro se*, his first PCRA petition in which he alleged that the retrospective application of the Sex Offender Registration and Notification Act (SORNA) to Appellant violated the *ex post facto* clauses of the United States and Pennsylvania constitutions pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). On May 31, 2018,

---

[3] The remaining charges against Appellant were *nolle prossed* on September 30, 2016.

[4] 42 Pa.C.S. §§ 9791-9799.9 (expired). Megan's Law III remained as the operative sexual offender registration legislation in Pennsylvania until its successor legislation, the Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.42, went into effect on December 20, 2012. **See** 42 Pa.C.S. § 9799.41.

the PCRA court entered an order scheduling a hearing on the petition and granting Appellant's counsel, who had previously been appointed to represent Appellant in 2014, leave to file an amended petition. Appellant's counsel, however, did not file an amended petition. The Commonwealth filed an answer to the PCRA petition, and following the hearing, the PCRA court entered an order directing the parties to submit briefs concerning the issue raised in the petition.

On November 27, 2018, the PCRA court filed an order and opinion dismissing the PCRA petition. The PCRA court concluded that it lacked jurisdiction over the petition because it was not timely filed within one year of the date upon which the judgment of sentence became final and Appellant did not file his petition within 60 days of the date the *Muniz* decision was issued as he was required to do in order to avail himself of the PCRA's timeliness exceptions. PCRA Court Opinion, 11/27/18, at 4-5. On December 26, 2018, Appellant filed a timely notice of appeal.[5]

Appellant presents the following issue for our review:

Whether the PCRA court erred and abused its discretion by dismissing [Appellant's] PCRA petition as untimely where a material change in law, and the [Appellant's] subsequent knowledge and discovery thereof, makes his filing timely?

Appellant's Brief at 5 (unnecessary capitalization omitted).

_____

[5] Appellant filed his statement of errors complained of on appeal on January 18, 2019. On February 6, 2019, the trial court entered a statement in lieu of opinion, in which it indicated that it was relying on its earlier opinion.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the petitioner alleges and proves one of the following three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[6] "The PCRA's time limitations implicate our jurisdiction and may

_____

[6] In Act 146 of 2018, the General Assembly changed the timeframe for asserting a timeliness exception under Section 9545(b)(2) from 60 days to one year, effective December 24, 2018. Act of October 24, 2018, P.L. 894, No. 146, §§ 2, 4. The legislature provided that this amendment "shall apply only to claims arising one year before the effective date of this section or thereafter." *Id.*, § 3. Appellant's claim arose on the date *Muniz* was decided, July 19, 2017, more than one year before the amendment to Section 9545(b)(2) went into effect; therefore, the expanded timeframe for asserting a timeliness exception under the current version of this provision is not applicable to the instant petition.

not be altered or disregarded in order to address the underlying merits of a claim." ***Commonwealth v. Greco***, 203 A.3d 1120, 1124 (Pa. Super. 2019).

Appellant concedes that his PCRA petition is untimely.[7]  ***See*** PCRA Petition, 5/17/18, ¶4.  Furthermore, Appellant acknowledges that his May 17, 2018 PCRA petition was filed more than 60 days beyond the date that ***Muniz*** was issued on July 19, 2017.  Appellant's Brief at 12-13.  Nevertheless, Appellant contends in his appellate brief that, pursuant to ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), an incarcerated, *pro se* PCRA petitioner is not presumed to have knowledge of information that is of public record and his petition was timely based on the date he became aware of the ***Muniz*** decision.  ***Id.*** at 11-13.

This claim fails.  In ***Burton***, our Supreme Court held that a *pro se* prisoner cannot be presumed to have knowledge of facts of public record for the purposes of the newly discovered fact exception of Section 9545(b)(1)**(ii)** of the PCRA.  158 A.3d at 638.  In his PCRA petition and appellate brief, however, Appellant has invoked the timeliness exception set forth in

_____

[7] Appellant did not file a direct appeal from his sentence, and therefore his judgment of sentence became final 30 days after the trial court denied the Commonwealth's post-sentence motion on February 1, 2013.  42 Pa.C.S. § 9545(b)(3) (where a defendant does not file a direct appeal, judgment of sentence becomes final at the expiration of the time for seeking review); Pa.R.Crim.P. 720(A)(4) (where the Commonwealth files a timely motion to modify sentence, the defendant's notice of appeal from the judgment of sentence shall be filed within 30 days of the disposition of that motion). Appellant's PCRA petition filed on May 17, 2018 was therefore patently beyond the one-year time period allowed for in the PCRA.

subsection (b)(1)**(iii)**, asserting that our Supreme Court recognized a new constitutional right with retroactive application in **Muniz**. **See** PCRA Petition, 5/17/18, ¶4; Appellant's Brief at 12.[8] In contrast to the newly discovered fact timeliness exception of subsection (b)(1)(ii), a prisoner who asserts the timeliness exception for a newly recognized retroactive constitutional right under subsection (b)(1)(iii) is deemed to have knowledge of the underlying judicial decision on the date it was issued, regardless of the date that the petitioner became aware of the decision. **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012); **see also Commonwealth v. Leggett**, 16 A.3d 1144, 1146-47 (Pa. Super. 2011). "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." **Brandon**, 51 A.3d at 235 (citation omitted).[9]

_____

[8] Even if Appellant had pleaded the subsection (b)(1)(ii) timeliness exception in his PCRA petition based on his discovery of the **Muniz ruling**, this would also fail. As our Supreme Court has explained, "judicial determinations are not facts," and therefore "decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011).

[9] While **Brandon** and **Leggett** preceded our Supreme Court's decision in **Burton** recognizing the limited access that _pro se_ prisoners face in accessing information, the rule announced in **Burton** abolishing the presumption that _pro se_ prisoners have access to publically available information was confined to the subsection (b)(1)(ii) timeliness exception. 158 A.3d at 638. Furthermore, the Court in **Burton** specifically distinguished the statutory language of the subsection (b)(1)(ii) and (b)(1)(iii) exceptions noting "that, unlike subsection (b)(1)(ii), subsection (b)(1)(iii) _precludes_ consideration of the petitioner's knowledge and an assessment of due diligence." **Id.** at 636 (emphasis in original). Consequently, **Burton** did not alter the holdings of **Brandon** and **Leggett** that a prisoner is presumed to be aware of changes in

Accordingly, because Appellant did not file his PCRA petition within 60 days of the date that the *Muniz* decision was issued as required by Section 9545(b)(2), he could not avail himself of the PCRA timeliness exception of Section 9545 (b)(1)(iii). The PCRA court therefore correctly ruled that it lacked jurisdiction to reach the merits of his petition. *See Greco*, 203 A.3d at 1124.

Moreover, even if Appellant had filed his claim within 60 days of the date that the *Muniz* decision was issued, his appeal would still fail to trigger the Section 9545(b)(1)(iii) timeliness exception because our Supreme Court has not recognized that *Muniz* is retroactive. In *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), a defendant filed an untimely PCRA petition as to his 2009 conviction on sexual offenses, claiming that his lifetime registration was unconstitutional pursuant to *Muniz*. This Court explained:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, [] 812 A.2d 497 ([Pa.] 2002), our Supreme Court held that,
>
>> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past

the law and therefore the 60-day period of Section 9545(b)(2) begins on the date that a judicial decision is issued.

tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.

Here, we acknowledge that **this Court** has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera–Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera–Figueroa***), he must demonstrate that the **Pennsylvania Supreme Court** has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). ***See Abdul–Salaam***[, 812 A.2d at 501]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

*Id.* at 405-06 (emphasis in original); ***see also Greco***, 203 A.3d at 1124-25.

To date, our Supreme Court has not ruled that ***Muniz*** is retroactive. Accordingly, Appellant's untimely PCRA petition does not satisfy the requirements of the Section 9545(b)(1)(iii) timeliness exception.

For the foregoing reasons, we affirm the PCRA court's dismissal of Appellant's PCRA petition.[10]

Order affirmed.

---

[10] Finally, we note that ***Muniz*** appears to have no application here because Appellant was initially notified at sentencing that he would be required to report as a sexual offender pursuant to Megan's Law III and there is no indication in the record that SORNA reporting requirements were retrospectively applied to him.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19