J-S31036-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LLOYD GEORGE | : | |
| | : | |
| Appellant | : | No. 1659 WDA 2018 |

Appeal from the PCRA Order Entered October 17, 2018
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s): CP-37-CR-0000277-1996

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED SEPTEMBER 16, 2019

Michael Lloyd George appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court granted George's petition on the limited grounds that he was not subject to the registration requirements of the Sexual Offender's Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41. Because the petition for relief was untimely, the PCRA court should have denied relief. We therefore vacate the order and remand.

In 1997, a jury convicted George of multiple sex offenses, including rape of a child under the age of 13,[1] and the trial court sentenced George to 15 to 30 years' incarceration. This Court affirmed the judgment of sentence, and

_____

[1] 18 Pa.C.S.A. § 3121(c).

our Supreme Court denied George's petition for allowance of appeal on July 24, 1998.

After two unsuccessful PCRA petitions, George filed the instant petition on October 10, 2017, seeking relief pursuant to Commonwealth v. Muniz, 135 A.3d 178 (Pa. 2016). The court appointed counsel who then filed an amended petition raising an additional claim under Commonwealth v. Butler, 173 A.3d 1212 (Pa.Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018), asserting that George should not have been designated as a Sexually Violent Predator (SVP). See Amended PCRA Petition, filed 11/8/17, at 2. The petition did not assert any exception to the PCRA's one-year time-bar.

The court held an evidentiary hearing and granted the petition on the limited ground that George was not subject to lifetime registration under SORNA, but remained subject to the registration requirements of Megan's Law II. See Order of Court, filed 10/17/18 at 1. George filed this timely appeal, and asks us to review one issue:

> Whether the Court abused its discretion by failing to apply the law to the facts in determining that [George] would be a lifetime registrant under Megan's Law II, rather than find that the ex post facto determinations of the Appellate Courts in Butler and Muniz clearly determined that all prior versions of the act were superseded and replaced by current law, and that with an ex post facto determination, [George] should not be determined a lifetime registrant.

George's Br. at 6.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free

- 2 -

of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa.Super. 2018) (citations omitted).

We do not reach the merits of George's claim because his petition was untimely. See Commonwealth v. Pursell, 749 A.2d 911, 913-14 (Pa. 2000). A criminal defendant has one year from the time the judgment of sentence becomes final to file a timely PCRA petition, unless an exception applies. See 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The petitioner bears the burden of pleading and proving at least one of the time-bar exceptions:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Here, George's judgment of sentence became final on October 22, 1998, when the time to file a writ of certiorari to the Supreme Court of the United States expired. See U.S. Sup. Ct. R. 13 (90 days to file writ of certiorari to US Supreme Court following judgment entered by a state court of last resort). Therefore, he had until October 22, 1999, to file a timely PCRA petition. Thus, the instant petition, which he filed 18 years later, is patently untimely and the PCRA court lacked jurisdiction over it unless George pled and proved at least one of the time-bar exceptions. See Commonwealth v. Albrecht, 994 A.2d 1091, 1093 (Pa. 2010).

George did not plead, much less prove, at least one of the time-bar exceptions. See Commonwealth v. Murphy, 180 A.3d 402, 406 (Pa.Super. 2018) (claiming relief under Muniz does not satisfy timeliness requirements of PCRA for an untimely petition).[2] Indeed, even his appellate brief fails to address the timeliness of his petition. The PCRA court lacked jurisdiction over the petition and we therefore vacate the October 17, 2018 order and remand. See Commonwealth v. Greco, 203 A.3d 1120, 1125 (Pa.Super. 2019) (vacating and remanding case where trial court entertained untimely PCRA petition stating that defendant did not have to comply with SORNA requirements).

Order vacated. Case remanded. Jurisdiction relinquished.

_____

[2] Hereafter, if the Pennsylvania Supreme Court holds that Muniz applies retroactively to untimely PCRA petitions, George may file a new petition within one year of that decision. See 42 Pa.C.S.A. § 9545(b)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/16/2019