J-S23025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN RICHARD JAE | : | |
| | : | |
| Appellant | : | No. 1312 WDA 2018 |

Appeal from the PCRA Order Entered September 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015145-2011

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 13, 2019**

Appellant John Richard Jae appeals from the order dismissing his petition challenging the application of Subchapter I[1] of the Sexual Offender Registration and Notification Act (SORNA) as a meritless Post Conviction Relief Act[2] (PCRA) petition. Appellant claims that the application of Subchapter I violates *ex post facto* and double jeopardy principles. For the reasons that follow, we vacate the order and remand this matter to the PCRA court.

The procedural history relevant to this appeal is as follows. On April 25, 2012, Appellant pled guilty to one count of sexual abuse of children for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.51-9799.75 (eff. Feb. 21, 2018).

[2] 42 Pa.C.S. §§ 9541-9546.

possessing images of child pornography found on his computers in May of 2011. As part of the plea agreement, the Commonwealth agreed to waive the mandatory sentences of twenty-five years or life imprisonment based on 42 Pa.C.S. § 9718.2 (sentences for sexual offenders).[3] On July 12, 2012, the

_____

[3] It appears that Appellant had two prior convictions for sexual offenses. The Commonwealth noted that:

> At CP-02-CR-0006152-1987, [Appellant] was convicted, on December 22, 1987, of:
>
>> One (1) count of rape forcible compulsion (F1), 18 Pa.C.S. § 3121(a) and received four (4) to ten (10) years' incarceration;
>>
>> One (1) count of indecent assault (M2), 18 Pa.C.S. § 3126(1) and received a concurrent sentence of four (4) to ten (10) years' incarceration;
>>
>> One (1) count of unlawful restraint (M1), 18 Pa.C.S. § 2902(1) and received a concurrent sentence of four (4) to ten (10) years' incarceration; and
>>
>> One (1) count of terroristic threats (M1), 18 Pa.C.S. § 2706 and received a concurrent sentence of four (4) to ten (10) years' incarceration.
>
> At CP-02-CR-0013134-1990, [Appellant] was convicted, on May 3, 1991, of:
>
>> Two (2) counts of IDSI (F1), 18 Pa.C.S. § 3123(a)(1) and received two consecutive sentences of five (5) to ten (10) years' incarceration;
>>
>> Two (2) counts of indecent assault (M2), 18 Pa.C.S. § 3126(a)(1); and
>>
>> One (1) count of terroristic threats (M1), 18 Pa.C.S. § 2706.

Commonwealth's Answer to Appellant's PCRA, 4/14/16, at 25 (some formatting altered). However, the details of Appellant's prior convictions, such as the dates of the offenses, were not included in the record in this case.

trial court sentenced Appellant to three to twenty-five years' imprisonment to be followed by ten years' probation.  The trial court also noted that Appellant was subject to a ten-year term of registration under Megan's Law, apparently referring to Megan's Law III, which was in effect at the time of his sentence.[4]

Appellant did not file a direct appeal, but he filed a *pro se* PCRA petition in July of 2013.  On July 24, 2013, the PCRA court granted Appellant's petition and reinstated his post-sentence and appellate rights, and Appellant took a direct appeal *nunc pro tunc*.

On appeal, this Court found that the trial court illegally sentenced Appellant beyond the maximum sentence for a felony-three offense. ***Commonwealth v. Jae***, 1698 WDA 2013, at 6-7 (Pa. Super. filed Mar. 23, 2015) (unpublished mem.).  The Court concluded that because the Commonwealth waived the application of Section 9718.2, the lawful maximum for the felony-three offense of sexual abuse of children was seven years.  ***Id.***

On May 7, 2015, the trial court resentenced Appellant to three and one-half to seven years' imprisonment.  In its resentencing order, the trial court indicated "SORNA registration required for lifetime."  Order, 5/7/15.  Appellant did not file a post-sentence motion, but in June of 2015 filed a *pro se* notice of appeal among several other motions.  On October 21, 2015, Appellant withdrew his *pro se* appeal.

---

[4] ***See*** 2004, Nov. 24, P.L. 1243, No. 152.  Our Supreme Court subsequently held that Megan's Law III was unconstitutional as the act amending Megan's Law II violated the single subject rule of the Pennsylvania Constitution.  ***See Commonwealth v. Neiman***, 84 A.3d 603, 605 (Pa. 2013).

In March of 2016, Appellant filed a *pro se* PCRA petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss. On June 17, 2016, the PCRA court dismissed Appellant's PCRA petition, and Appellant timely filed a *pro se* notice of appeal.

On appeal, this Court vacated the order dismissing Appellant's PCRA petition and remanded for the PCRA court to conduct a **Grazier**[5] hearing. **Commonwealth v. Jae**, 1064 WDA 2016, at 7 (Pa. Super. filed Mar. 27, 2018) (unpublished mem.). This Court noted that Appellant's underlying petition was technically his first, he had a right to counsel, and his insistence to proceed *pro se* did not constitute a proper waiver of his right to counsel. **Id.** at 6-7.

On April 9, 2018, the PCRA court appointed present counsel as "stand-by counsel." Order, 4/9/18. On July 30, 2018, present counsel filed the amended PCRA petition and/or petition for writ of *habeas corpus* (the amended petition), which gives rise to this appeal.[6]

In the amended petition, Appellant initially asserted that he was "no longer subject to the sex offender reporting requirements imposed under Megan's Law I, II, III or SORNA." Am. Pet., 7/30/18, at ¶ 10. In support,

---

[5] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[6] Although the record does not contain a transcript of the **Grazier** hearing conducted on remand, the Commonwealth noted that the PCRA court conducted a hearing at which Appellant agreed to have present counsel represent him. Answer to Am. Pet., 8/9/18, at 7-8.

Appellant cited **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) and **Commonwealth v. Derhammer**, 173 A.3d 723 (Pa. 2017).

Appellant further claimed that the application of Subchapter I would violate *ex post facto* and double jeopardy concerns. Specifically, Appellant argued that Subchapter I, like the former version of SORNA addressed in **Muniz**, is punitive. Appellant asserted that, like the former version of SORNA, Subchapter I requires offenders to: (1) be included on a publicly accessible internet website; (2) register with the Pennsylvania State Police (PSP) or face criminal prosecution; (3) provide the PSP with information regarding all current or intended residences, employment, or schools; (4) inform the PSP of changes in residences or employment within three days; (5) verify their residences; (6) submit to decisions by parole or probation authorities to impose conditions, including the use of offender tracking using global positioning systems (GPS); and (7) submit to being photographed and fingerprinted. **Id.** at ¶ 50.

Appellant noted two changes between the former version of SORNA and Subchapter I. First, Subchapter I returns "to a two-tier system of registration, namely ten-year and lifetime periods of registration, which [were] what existed under Megan's Law II." **Id.** at ¶ 51. Second, Subchapter I contains a provision for the "potential removal of lifetime registrants . . . after [twenty-five] years." **Id.** at ¶ 52. Appellant, however, asserted that "these differences are not sufficiently meaningful to render Subchapter I non-punitive for purposes of [an] *ex post facto* analysis." **Id.** at ¶ 53.

Appellant further claimed that because Subchapter I imposes a penalty, its application would violate double jeopardy principles. In support, Appellant argued that **Muniz** relieved him of a punitive registration requirement under the former version of SORNA. Appellant continued that because Subchapter I is punitive, "it necessarily follows that Subchapter I effectuates a second punishment upon [him]. **Id.** at ¶¶ 73, 84.

The Commonwealth responded that Subchapter I is not punitive. Answer to Am. Pet., 8/9/18, at 12. The Commonwealth asserted that two changes in Subchapter I are critical. **Id.** First, Subchapter I contains a provision for lifetime registrants to relieve themselves of registration requirements after twenty-five years. **Id.** (discussing 42 Pa.C.S. § 9799.15(a.2)). Second, Subchapter I provides for a reduced number of in-person verification requirements for some offenders. **Id.** at 13 (discussing 42 Pa.C.S. § 9799.23(a.1)).

Furthermore, the Commonwealth noted that Subchapter I contains fewer crimes subject to a registration requirement than the former version of SORNA and a ten-year and lifetime classification system. **Id.** (discussing 42 Pa.C.S. §§ 9799.54-9799.56). According to the Commonwealth, these changes "mean[] that Megan's Law II applies to those sex offenders who committed their crimes before December 20, 2012." **Id.**

The PCRA court issued a Rule 907 notice of its intent to dismiss Appellant's amended petition as meritless. Appellant did not file a response. On September 10, 2018, the PCRA court dismissed Appellant's petition.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement with his notice of appeal. The PCRA court filed an opinion concluding that because Appellant committed his offense prior to December 20, 2012, the registration provisions of Megan's Law II applied. PCRA Ct. Op., 12/10/18, at 3. The PCRA court further reasoned that those provisions were determined to be non-punitive collateral consequences that did not raise *ex post facto* concerns. **Id.** at 3-4 (citing **Commonwealth v. Leidig**, 956 A.2d 399 (Pa. 2008), and **Commonwealth v. Lee**, 935 A.2d 865 (Pa. 2007)).

Appellant presents the following issue for review:

Whether the trial court erred by not ruling that Subchapter I of Act 10 of 2018 is unconstitutional under the federal and state *ex post facto* and double jeopardy clauses?

Appellant's Brief at 5.

On appeal, Appellant restates his claim that although Subchapter I changes some of the provisions discussed in **Muniz**, Subchapter I remains punitive. Appellant asserts that "there are far more similarities (and identical provisions) than differences between [former] SORNA's registration requirements and the Subchapter I registration requirements." **Id.** at 21. Appellant further contends that "although the eligible offenses and duration of registration under Subchapter I mirror those of Megan's Law II, neither **Leidig**, nor **Lee**, nor any of the various other decisions over the years is controlling or dispositive in light of the jurisprudential shift of the **Muniz** decision." **Id.** at 25.

The Commonwealth responds with procedural and substantive arguments.[7] In its procedural arguments, the Commonwealth first notes that the trial court's 2015 resentencing order directed that Appellant register for life under the former version of SORNA. Commonwealth's Brief at 16. However, the PCRA court's opinion asserted that Appellant is subject to Megan's Law II's registration requirement. *Id.* Therefore, the Commonwealth suggests that this Court could remand for a determination of which registration period applies to Appellant. *Id.* Nevertheless, the Commonwealth asserts "that it is clear that [Subchapter I] applies to [A]ppellant by the terms of the statute" and that a remand is unnecessary in this case. *Id.* at 17.

Second, the Commonwealth questions whether Appellant's claim that Subchapter I is unconstitutional can be raised under the PCRA. *Id.* at 17-18.

_____

[7] As to the merits, the Commonwealth restates its assertion that Subchapter I does not intend, or have the effect of imposing, a punishment. Specifically, the Commonwealth cites to Subchapter I's provisions that (1) establish alternative verification provisions, (2) permit some offenders to seek an exemption from registration after twenty-five years, and (3) narrow the types of offenses subject to registration. Following the analysis conducted in *Muniz*, the Commonwealth asserts that the requirements of Subchapter I are not sufficiently punitive to overcome the express intent of the General Assembly to enact a non-punitive statute. As such, the Commonwealth concludes that Subchapter I does not violate *ex post facto* or double jeopardy principles.

Additionally, the Office of the Attorney General and the Pennsylvania State Police (the intervenors) have submitted a joint intervenors' brief. Like the Commonwealth, the intervenors contend that Subchapter I is not punitive. The intervenors note that Subchapter I did not increase the terms of registration for Appellant from those contained in Megan's Law II or III.

The Commonwealth asserts that a registration requirement under Subchapter I is not punitive, and therefore, is not part of Appellant's sentence. *Id.* at 18. The Commonwealth notes that the PCRA requires that a petitioner be "currently serving a sentence of imprisonment, probation or parole" to be eligible for relief. *Id.* at 17-18 (citing 42 Pa.C.S. § 9543(a)(1)(i)). Therefore, the Commonwealth concludes that Appellant has not established his eligibility for relief under the PCRA. *Id.* at 18.

Initially, we note that a post-conviction claim that an original sentence is illegal due to the retroactive application of a sexual offender registration requirement must be raised in a PCRA petition. *See Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa. Super. 2019); *Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa. Super. 2018). Moreover, because Appellant filed the instant petition within one year of the resentencing order setting forth a lifetime registration requirement, his petition was timely filed.

Our review is governed by the following standards:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1051 (Pa. Super. 2019) (citation omitted).

Here, as indicated above, the trial court initially informed Appellant that he was subject to a ten-year registration term under Megan's Law III, which

was in effect at the time of his original sentencing. Following the 2015 remand for resentencing, the trial court then informed Appellant that he was subject to a lifetime registration period under the former version of SORNA. The PCRA court subsequently concluded that because Appellant committed his offense prior to December 20, 2012, the registration provisions of Megan's Law II applied. PCRA Ct. Op., 12/10/18, at 3.

Given this procedural history, we agree with the Commonwealth that a remand is appropriate in order to clarify the threshold issue of which statute applies to Appellant. *See* Commonwealth's Brief at 16. On remand, the PCRA court should consider whether Subchapter I determines Appellant's registration requirement and, if necessary, the parties' specific arguments regarding the constitutionality of Subchapter I.

We add that the law in this area has been rapidly evolving. Notably, the Pennsylvania Supreme Court is currently considering the constitutionality of Subchapter I. *See Commonwealth v. Lacombe*, 35 MAP 2018 (Pa. 2018). Furthermore, this Court has recently concluded that the internet dissemination provision of Subchapter I violates the federal *ex post facto* clause but is severable from the remainder of Subchapter I. *See Commonwealth v. Moore*, ____ A.3d ____, ____, 2019 PA Super 320, 2019 WL 5415854, at *9 (Pa. Super. filed Oct. 23, 2019). Therefore, assuming that Subchapter I applies, it appears Appellant could be entitled to partial relief. *See id.*

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2019</u>