OPINION BY McLAUGHLIN, J.:
Rocco Robert Greco, a convicted sex offender, petitioned the trial court to determine whether he was required to register pursuant to the Sex Offender Registration and Notification Act, (SORNA), 42 Pa.C.S. §§ 9799.10 - 9799.41 (effective 12/20/2012). The trial court concluded that Greco did not have to comply with SORNA's registration requirements, but nonetheless ordered him to comply with the registration requirements of Megan's Law II.[1] We conclude that the trial court should have treated Greco's petition as a Post Conviction Relief Act[2] petition and denied relief because the petition was untimely. We therefore vacate the order and remand.
The record submitted to this Court contains few details of the factual or procedural background to this case. Nevertheless, the following is clear and is sufficient to dispose of this appeal. In May 1986, Greco *1122 pleaded guilty to four counts of rape and numerous related crimes, including one count of incest. The victim was his daughter, then 12 to 14 years old. See Commonwealth v. Greco , 92 HBG 1991, unpublished memorandum at 2 (Pa.Super. filed Oct. 28, 1991). Greco was sentenced to an aggregate term of 20 to 40 years of incarceration. He lodged an appeal, but we dismissed it as untimely. Id. Thereafter, he filed several unsuccessful petitions for collateral relief. Id.
In August 2017, Greco filed with the trial court a motion titled, "Motion to Confirm Defendant is Not Required to Register under SORNA." Greco's Mot., 08/10/2017. In this motion, Greco noted that his convictions predated the enactment of SORNA.[3] Citing in support Commonwealth v. Muniz , 640 Pa. 699, 164 A.3d 1189 (2017), Greco sought confirmation that he was not subject to retroactive application of SORNA's registration provisions.[4] In response, the Commonwealth asserted that the motion was a timely but meritless PCRA petition. See Commonwealth's Response, 08/25/2017, at 1.
In January 2018, the lower court examined the motion on the merits. It concluded that, despite Muniz , and barring further legislative action, Greco remained subject to lifetime registration under Megan's Law II due to his rape conviction. Trial Ct. Order, 01/12/2018.
Greco timely appealed. In a court-ordered Pa.R.A.P. 1925(b) statement, Greco asserted that the court erred in directing his compliance with Megan's Law II because "under SORNA, all prior versions of Megan's Law have expired." Greco's Pa.R.A.P. 1925(b) Statement, 03/01/2018.
In its responsive opinion, the lower court reinterpreted the motion as an untimely PCRA petition. According to the court, Greco failed to establish an exception to the PCRA's one-year time bar, and therefore, the court was precluded from addressing the merits of his claim. See Trial Ct. Opinion (TCO), 03/08/2018, at 2-4 (citing in support Commonwealth v. Murphy , 180 A.3d 402, 405-06 (Pa.Super. 2018) (concluding that the substantive rule recognized in Muniz does not establish a timeliness exception to the PCRA) ).
Greco raises the following claim on appeal:
Whether the [lower] court erred after it held that [Greco] is required to comply with Megan's Law II, where Megan's Law III, which replaced Megan's Law II, was held to be invalid in 2013[,] when Commonwealth v. Derhammer , 173 A.3d 723 (Pa. 2017) [,] held that under SORNA, all previous versions of Megan's Law have expired?
Greco's Br. at 2.
Initially, we consider the nature of Greco's motion. It is well settled that the PCRA has subsumed other post-conviction relief. Commonwealth v. Taylor , 65 A.3d 462, 465-66 (Pa.Super. 2013) (citing, inter alia , Commonwealth v. Peterkin , 554 Pa. 547, 722 A.2d 638 (1998) ); 42 Pa.C.S. § 9542. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition." Taylor , 65 A.3d at 466. Thus, a petitioner may not mislabel his *1123 petition in an attempt to circumvent the PCRA's timeliness requirements. Id.
In his motion, Greco sought relief from the sex offender registration provisions set forth in SORNA. See Greco's Motion. This Court has determined previously that a challenge to retroactive application of Megan's Law does not implicate "the statutory and rule-based requirements governing a PCRA petition." Commonwealth v. Bundy , 96 A.3d 390, 394 (Pa.Super. 2014) ; see also Commonwealth v. Price , 876 A.2d 988, 992 (Pa.Super. 2005) (stating that challenge to non-punitive, regulatory "registration, notification, and counseling requirements for offenders under Megan's Law" is not cognizable under the PCRA). Thus, this Court has in the past criticized the analysis of lower courts where they have denied petitions for relief from Megan's Law's registration requirements, on the basis that they were untimely PCRA petitions. See , e.g. , Bundy , 96 A.3d at 394 (rejecting the lower court's conclusion that the appellant's petition was untimely under the PCRA and addressing the merits of the appellant's claim); Commonwealth v. Partee , 86 A.3d 245, 247 (Pa.Super. 2014) (rejecting the lower court's PCRA analysis).
Recently, however, our Supreme Court determined that SORNA's registration provisions are punitive and that retroactive application of SORNA's registration provisions violates the federal and state ex post facto clauses. Muniz , 164 A.3d at 1193. The punitive nature of these provisions implicates the legality of a sex offender's sentence. See Commonwealth v. Butler , 173 A.3d 1212, 1215 (Pa.Super. 2017) (concluding that a challenge to an appellant's increased registration requirements under SORNA implicated the legality of the sentence imposed). Thus, claims challenging application of SORNA's registration provisions - unlike prior versions of Megan's Law - are properly considered under the PCRA. Murphy , 180 A.3d at 405-06 (discussing the impact of Muniz on the timeliness of a petitioner's PCRA petition); Commonwealth v. Rivera-Figueroa , 174 A.3d 674 (Pa.Super. 2017) (remanding for further proceedings to address the petitioner's timely PCRA claim in light of Muniz ).
For these reasons, we agree with the lower court that Greco's motion is properly considered a PCRA petition. His invocation of Muniz implicates the legality of his sentence, which is an issue cognizable under the PCRA and, therefore, subject to the PCRA's timeliness requirements. Murphy , 180 A.3d at 405-06 ; Taylor , 65 A.3d at 466.
We review an order denying relief under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. Commonwealth v. Ragan , 592 Pa. 217, 923 A.2d 1169, 1170 (2007). We afford the court's factual findings deference unless there is no support for them in the certified record. Commonwealth v. Brown , 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing Commonwealth v. Anderson , 995 A.2d 1184, 1189 (Pa. Super. 2010) ).
Before addressing the merits of Greco's claim, we must consider its timeliness. Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. See Commonwealth v. Bennett , 593 Pa. 382, 930 A.2d 1264, 1267 (2007).
There are three exceptions:
(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth *1124 or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) ; see Commonwealth v. Gamboa-Taylor , 562 Pa. 70, 753 A.2d 780, 783 (2000). The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim. See Bennett , 930 A.2d at 1267.
Greco's motion - i.e. , his petition seeking relief available under the PCRA - was untimely.[5] Accordingly, he was required to establish jurisdiction by pleading and proving an exception to the one-year time bar. See Bennett , 930 A.2d at 1267. Greco neither pleaded nor proved an exception. See Greco's Motion.
Belatedly, Greco attempts to establish on appeal the "new retroactive right" exception of section 9545(b)(1)(iii). See Greco's Br. at 5-6. According to Greco, " Muniz created a substantive rule that retroactively applies in the collateral context." Id. (citing Rivera-Figueroa , 174 A.3d at 678 ). However, exceptions to the time bar must be pleaded and proved in the PCRA petition and may not be raised for the first time on appeal. Thus, he has waived this issue. Bennett , 930 A.2d at 1267 ; Commonwealth v. Burton , 936 A.2d 521, 525 (Pa.Super. 2007) ; see also Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").
Absent waiver, Greco's assertion of the "new retroactive right" exception is without merit. In Murphy , a convicted sex offender untimely petitioned for collateral relief from a sentence imposed in 2009. Murphy , 180 A.3d at 404. According to the petitioner, Muniz rendered his sentence unconstitutional. Id. at 405. Upon review, we stated the following:
Appellant's reliance on Muniz cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii).... Here, we acknowledge that this Court has declared that, " Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa , 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa ), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See [Commonwealth v. ] Abdul-Salaam , [571 Pa. 219, 812 A.2d 497, 501 (2002) ]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.
*1125 Murphy , 180 A.3d at 405-06. Thus, under circumstances similar to those here, this Court has concluded that the rule recognized in Muniz does not establish a timeliness exception to the PCRA. Id.
A petition of the sort Greco filed - a post-conviction petition for a declaration that he is not subject to SORNA, filed in the Court of Common Pleas and against the Commonwealth - is subsumed under the PCRA.[6] His motion was therefore properly an untimely PCRA petition. However, he filed his motion more than one year after his judgment of sentence became final and he has failed to establish an exception to the PCRA's timeliness requirements. Id. Accordingly, the lower court was without jurisdiction to entertain the merits of his claim. Bennett , 930 A.2d at 1267. We therefore vacate the January 12, 2018 order and remand.[7] Ragan , 923 A.2d at 1170.
Order vacated. Case remanded. Jurisdiction relinquished.
Judge Strassburger joins the Opinion.
Judge Bowes files a Concurring and Dissenting Opinion.
CONCURRING AND DISSENTING OPINION BY BOWES, J.:
My distinguished colleagues cogently explain why Appellant's request for relief must be construed as a PCRA petition under governing precedent, and I concur in the determination that Appellant's petition did not satisfy any exception to the one-year time bar. However, I dissent as to the disposition. In my view, the PCRA court could not modify Appellant's reporting obligations, as it purported to do, when it ordered him to comply with Megan's Law II. Finally, I address Appellant's argument that our precedents are unconstitutional.
Preliminarily, I note that the order appealed from did not simply deny Appellant's request. Instead, the PCRA court also sua sponte modified Appellant's sexual offender obligations. The instant action commenced when Appellant filed a motion requesting the following relief: "[P]etitioner asks this Court ORDER that petitioner is immune to the registration provisions of SORNA at above docket." Motion, 8/14/17, at 1. The Commonwealth replied as ordered, and asserted that Appellant's obligations remain under Megan's Law II. The PCRA court agreed, issuing the following order:
AND NOW, this 12th day of January, 2018, upon consideration of the Motion to Confirm Defendant is Not Required to Register under SORNA, and any responses thereto, and in light of the Pennsylvania Supreme Court's decision in [ Muniz ], it is hereby ORDERED that, barring any legislative action or further court action, Petitioner is required to comply with Megan's Law II.
As the Commonwealth has indicated, Petitioner is still required to register under Megan's law II. As such, Petitioner is required to register for life due to his guilty plea to Rape.
Order, 1/12/18, at 1.
Appellant filed a notice of appeal, arguing that Megan's Law II no longer exists.
*1126 The Majority holds that the PCRA court lacked jurisdiction over this untimely petition, stating that "claims challenging application of SORNA's registration provisions - unlike prior versions of Megan's Law - are properly considered under the PCRA." Majority Opinion, at 1123. I agree.
As explained by the Majority, our precedents treat petitions seeking retroactive application of Commonwealth v. Muniz , 640 Pa. 699, 164 A.3d 1189 (2017) (OAJC), in disparate ways. In timely PCRA proceedings, we give Muniz retroactive effect. Commonwealth v. Rivera-Figueroa , 174 A.3d 674 (Pa.Super. 2017). In untimely PCRA proceedings, however, Commonwealth v. Murphy , 180 A.3d 402 (Pa.Super. 2018), holds that Muniz fails to satisfy the relevant PCRA time-bar exception. Thus, similarly-situated offenders, i.e. , persons whose judgment of sentence were final when Muniz was decided, are treated differently. Since this is an untimely PCRA, Murphy controls and the PCRA court had no jurisdiction to address the merits of his claim.
For that same reason, I find that the order must be reversed to the extent it purports to impose Megan's Law II obligations upon Appellant. The same logic that compels a conclusion that the PCRA court lacked jurisdiction to "confirm" Appellant's absence of SORNA obligations dictates that the court cannot now require Appellant to comply with some other non-SORNA set of obligations. That matter does not concern the PCRA court.[1]
I now address Appellant's claim that Murphy conflicts with the United States Constitution. He argues that "When a state enforces a constitutionally-barred penalty, the resulting conviction or sentence is unlawful. Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). The United State[s] Constitution requires state collateral review courts to give retroactive effect to new substantive rules of constitutional law, which control the outcome of cases." Appellant's brief at 5. Appellant's point is similar to that set forth in my dissenting opinion in Commonwealth v. Fernandez , 195 A.3d 299 (Pa.Super. 2018) (en banc ). Fernandez was accepted en banc to determine if Commonwealth v. Partee , 86 A.3d 245 (Pa.Super. 2014), should be overruled. Partee held that a probation violation constituted a failure to abide by the terms of a plea agreement, thereby precluding attempts to seek restoration of less onerous Megan's Law requirements that existed at the time of the original pleas. Muniz was issued while Fernandez was on appeal, and this Court held that Muniz abrogated Partee . I set forth my prior analysis of this issue:
The Majority erroneously assumes that we may apply Muniz 's holding to these Appellants by asserting that Muniz abrogated Partee . I agree with that statement insofar as Muniz holds that requiring persons convicted of offenses without adequate notice of the SORNA
*1127 obligations cannot be ordered to comply with SORNA. The problem, however, is that this conclusion does not supply an answer as to whether Muniz 's rule retroactively applies to these offenders. Our current precedents hold that Muniz does not satisfy the exception to the PCRA's one-year time bar pertaining to new constitutional rights. Commonwealth v. Murphy , 180 A.3d 402 (Pa.Super. 2018). Therefore, our Court continues to affirm judgments of sentence that are no less unconstitutional than Appellants' sentences. The existence of Murphy disproves the Majority's statement that "reclassifications of the Appellants after the effective date of SORNA cannot stand." Majority Opinion at 310. Murphy accepts that SORNA classifications may remain in place notwithstanding Muniz , and we therefore cannot simply ignore Partee despite the fact that affirming on that basis raises the possibility of affirming a sentence that Muniz says is illegal.
Therefore, the Majority seeks to apply Muniz retroactively, without acknowledging the fact that the continuing existence of cases like Murphy means that Muniz would henceforth apply in a disparate fashion.
Fernandez , supra at 313 (Bowes, J., dissenting) (footnotes omitted). In my view, the Legislature cured the problem by amending SORNA in the wake of Muniz . Regarding Appellant's claim that this disparate treatment is unlawful, I observed:
Whether that would be permissible is a difficult question. This Court has held that Muniz created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. Commonwealth v. Rivera-Figueroa , 174 A.3d 674, 678 (Pa.Super. 2017). Simultaneously, Muniz does not satisfy the PCRA's time-bar exception pertaining to newly-announced constitutional rights. Commonwealth v. Murphy , 180 A.3d 402 (Pa.Super. 2018). Therefore, similarly-situated offenders, i.e. persons whose criminal sentences were already final when Muniz was announced, are treated differently.
While I believe that Murphy was correctly decided as a matter of statutory interpretation, States are arguably prohibited from refusing to grant retroactive effect to new substantive rules of constitutional law. See Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (States required to give retroactive effect to such rules). Montgomery controls as to questions of federal law. "If a state collateral proceeding is open to a claim controlled by federal law , the state court has a duty to grant the relief that federal law requires." Id. at 731 (emphasis added, quotation marks and citation omitted). In turn, we have held that the binding precedent in Muniz "is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the ex post facto clause of the Pennsylvania Constitution when applied retroactively." Commonwealth v. Hart , 174 A.3d 660, 667 n.9 (Pa.Super. 2017).
If Muniz simply represents the announcement of a pure state law claim, disparate retroactive application may or may not be permissible. Cf . Commonwealth v. Cunningham , 622 Pa. 543, 81 A.3d 1, 8 (2013) (noting that the federal retroactivity model "is not necessarily a natural model for retroactivity jurisprudence as applied at the state level."). Suffice to say, the necessity of applying Muniz in the absence of controlling legislation is a complicated question, and one we need not decide.
Id . at n.3.
I continue to adhere to this view. Muniz is a creature of state law, and thus the *1128 scope of its retroactive effect is not governed by the United States Constitution. Furthermore, I believe that Muniz retroactivity encompasses two separate questions. The first is whether offenders who were convicted of sexual offenses pre-SORNA are entitled to retroactive application of Muniz in the sense that such offenders are free from ongoing SORNA obligations. The answer to that question, in my view, is unquestionably yes. However, as discussed in Fernandez I believe that the Legislature has already retroactively applied Muniz in this sense. The second is whether Muniz is retroactive to the extent that offenders are entitled to relief from convictions stemming from failures to comply with SORNA obligations, which is an entirely separate retroactivity problem.[2] The latter circumstance is not involved in this case, and its resolution must await a future case directly raising that issue.[3] Until such time, I adhere to the aforementioned views.

The court referenced the reporting requirements defined in Megan's Law II, 42 Pa.C.S. §§ 9791 - 9799.9 (expired Dec. 20, 2012).

42 Pa.C.S.A. §§ 9541 - 9546.

Though we refer to this statute as SORNA, Pennsylvania courts have also referred to it as "Megan's Law IV." See Commonwealth v. Giannantonio , 114 A.3d 429, 432 n.1 (Pa.Super. 2015).

It is not apparent from the record whether Greco has been granted parole or whether he is presently subject to registration, though in his brief to this Court, he suggests his parole awaits a home plan approval. See Greco's Br. at 3.

It is patently untimely. Greco pleaded guilty in May 1986; we dismissed his initial appeal as untimely shortly thereafter, and he withdrew a subsequent nunc pro tunc appeal in 1988. See Commonwealth v. Greco , 516 HBG 1986 (Pa.Super. entered Sept 23, 1986); 710 HBG 1988 (Pa.Super. entered Nov. 2, 1988); and 711 HBG 1988 (Pa.Super. entered Nov. 2, 1988). Therefore, his judgment of sentence became final 30 years ago. See 42 Pa.C.S. § 9545(b)(3).

Greco may be able to obtain relief by other means, such as by filing a petition for review in the Commonwealth Court. See , e.g. , J.J. M. v. Pa. State Police , 183 A.3d 1109 (Pa.Cmwlth. 2018) (applying Muniz and granting relief).

Hereafter, if the Pennsylvania Supreme Court holds that Muniz applies retroactively to untimely PCRA petitions, Appellant may file a new petition within one year of that decision. See 42 Pa.C.S. § 9545(b)(2).

The Pennsylvania State Police administer the sex offender registry and impose reporting obligations as a result of duly-enacted laws. Absent a filing by a defendant seeking enforcement of a plea bargain, I discern no basis for a court to issue an order directing Appellant to comply with some alternative set of obligations. If the PCRA court was modifying Appellant's sentence, it lacked jurisdiction to do so; if the court was attempting to impose collateral obligations, it had no authority to do so. Either way, the order cannot stand. Furthermore, the Legislature has enacted laws that seek to address Muniz . See 42 Pa.C.S. §§ 9799.51 -9799.75. Those statutes constitute a new subchapter, "Continued Registration of Sexual Offenders." Thus, the PCRA court order purports to impose obligations in place of this statute. Whether the requirements set forth by those laws is not germane to this appeal.

Justices Scalia, Thomas, and Alito took a contrary view in Montgomery regarding a State court's obligation to give retroactive effect to new rules:
That line of finality demarcating the constitutionally required rule in Griffith from the habeas rule in Teague supplies the answer to the not-so-difficult question whether a state postconviction court must remedy the violation of a new substantive rule: No. A state court need only apply the law as it existed at the time a defendant's conviction and sentence became final. See Griffith , [v. Kentucky ] supra , [479 U.S. 314] at 322, 107 S.Ct. 708 [107 S.Ct. 708 (1987) ]. And once final, "a new rule cannot reopen a door already closed." James B. Beam Distilling Co. v. Georgia , 501 U.S. 529, 541, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991) (opinion of Souter, J.). Any relief a prisoner might receive in a state court after finality is a matter of grace, not constitutional prescription.
Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 739, 193 L.Ed.2d 599 (Scalia, J., dissenting) (some citations omitted).

Commonwealth v. Rivera-Figueroa , 174 A.3d 674 (Pa.Super. 2017), involved a PCRA petition seeking to challenge a conviction for failing to comply with SORNA. This Court determined that "the best resolution of this case is to vacate, remand, and offer [Rivera-Figueroa] the opportunity to argue Muniz ." Id. at 679. The public docket reveals that following our remand the trial court granted the Lebanon County District Attorney's motion to nolle prosse the charges.