J-S75044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KEVIN RYAN SHAY :
:
Appellant : No. 1452 WDA 2019

Appeal from the PCRA Order Entered August 21, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012705-2011

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED JANUARY 28, 2020

Kevin Ryan Shay (Shay) appeals from the order of the Court of Common

Pleas of Allegheny County (trial court) denying his petition for relief filed

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546,

as untimely. We affirm.

On August 24, 2012, Shay entered into a negotiated guilty plea to one

count of failure to comply with the registration of sexual offenders

requirement.[1] In accordance with the plea agreement, the trial court

sentenced him that same day to 11½ to 23 months' imprisonment followed

by five years of probation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915(a)(1).

On November 14, 2012, Shay filed a pro se PCRA petition and, after the appointment of counsel, an amended petition seeking restoration of his post-sentence rights. The trial court reinstated Shay's post-sentence rights nunc pro tunc, and he filed a post-sentence motion seeking to withdraw his guilty plea as being coerced by his trial counsel. After his motion was denied, Shay appealed to this Court, styling his sole issue as a claim of ineffective assistance of counsel. On October 31, 2013, this Court affirmed the judgment of sentence by dismissing his claim without prejudice to his right to raise it in a timely PCRA petition. See Commonwealth v. Shay, 600 WDA 2013 (Pa. Super. 2013) (unpublished memorandum). Shay filed a petition for allowance of appeal that our Supreme Court denied the following year on February 20, 2014. See Commonwealth v. Shay, 86 A.3d 233 (Pa. 2014). Because he did not seek review in the Supreme Court of the United States, Shay's judgment of sentence became final at the expiry of the 90-day period in which he was allowed to seek review, which was May 21, 2014.[2]

Before his sentence became final, Shay filed a pro se PCRA petition on April 23, 2014, reasserting that he was coerced to plead guilty. However, on February 17, 2015, Shay filed a petition to withdraw his petition, but the record does not show that the trial court ever took any action on this petition.

_____

[2] See U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

Two years later, Shay filed another pro se PCRA petition on July 27, 2017, this time alleging he was entitled to PCRA relief based on our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). A few days later, the trial court appointed Shay the same counsel that represented him in his direct appeal. On September 27, 2017, PCRA counsel filed a "motion to withdraw" in which he represented that he advised Shay that he would not be entitled to PCRA relief. PCRA counsel attached a signed verification stating Shay agreed to the withdrawal. On October 3, 2017, the trial court granted the withdrawal.

Less than a year later, on July 11, 2018, Shay filed another pro se PCRA petition seeking relief based on Muniz and requesting the appointment of counsel. The trial court directed the Commonwealth to show cause why an evidentiary hearing should not be granted. In its response, the Commonwealth argued that Shay's petition was untimely, as his attempt to rely on Muniz did not satisfy the "new retroactive right" exception under 42 Pa.C.S. § 9545(b)(1)(iii). The trial court agreed and gave notice of its intent to dismiss Shay's petition without hearing under Pa.R.Crim.P. 907(1). Receiving no response from Shay, the trial court dismissed his PCRA petition on August 21, 2019. Shay timely appealed and raises two issues for our review: (1) whether his guilty plea was illegal in light of Muniz; and (2) whether the trial court should have appointed him PCRA counsel.

"A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." Commonwealth v. Graves, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the petition was filed well beyond a year after his judgment became final, Shay was required to plead and prove that one of the exceptions to the PCRA's timeliness requirement was applicable.

There are three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  In addition, a PCRA petitioner must present a claimed exception within 60 days of the date the claim could have been presented.  42 Pa.C.S.A. § 9545(b)(2).[3]

Shay argues that the newly-recognized constitutional right under 42 Pa.C.S. § 9545(b)(1)(iii) applies based on Muniz, which held that the retroactive application of the Sexual Offender Registration and Notification Act (SORNA) registration scheme to sexual offenders who committed their crimes before SORNA's effective date violates the United States and Pennsylvania's ex post facto clauses because of the scheme's punitive nature.  See Muniz, supra at 1217.

However, this Court has determined that Muniz does not establish a timeliness exception under the PCRA.  This Court has explained:

> Appellant's reliance on Muniz cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii)….  [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017).  However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section

_____

[3] As of December 24, 2018, Section 9545(b)(2) states that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been presented.  See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018].  The amendment applies only to claims arising on or after December 24, 2017.  Shay's claim, however, is premised entirely on Muniz, which was decided on July 19, 2017, and, therefore, fails to satisfy the 60-day requirement for the prior version of 42 Pa.C.S. § 9545(b)(2).

9545(b)(1)(iii). See [Commonwealth v.] Abdul-Salaam, [571 Pa. 219, 812 A.2d 497, 501 (2002) ]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Commonwealth v. Greco, 203 A.3d 1120, 1124 (Pa. Super. 2019) (quoting Commonwealth v. Murphy, 180 A.3d 402, 405 (Pa. Super. 2018), appeal denied, 195 A.3d 559 (Pa. 2018)).

Because Shay cannot establish an exception to the PCRA's timeliness requirements based on Muniz, we lack jurisdiction to consider the merits of his claims.[4]

Order affirmed.

_____

[4] We also find that the trial court did not err in not appointing PCRA counsel. Our Supreme Court has stated that "the right to counsel in a second or subsequent PCRA petition is not co-extensive with the right to counsel in a first PCRA petition." Commonwealth v. Haag, 570 Pa. 289, 324, 809 A.2d 271, 293 (2002). Under Pa.R.Crim.P. 904(B), a PCRA petitioner will be appointed counsel in a second or subsequent PCRA petition only in cases where the petitioner can establish that an evidentiary hearing is required.

Here, based on the lack of a timeliness exception being applicable, no evidentiary hearing was required and, consequently, counsel did not need to be appointed. In any event, Shay received appointed counsel after filing his July 27, 2017 PCRA petition, but later chose to withdraw that petition after consulting with his appointed counsel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2020