J-S18035-20

2020 PA Super 124

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYLER A. GRONER | : | |
| | : | |
| Appellant | : | No. 942 MDA 2019 |

Appeal from the Order Entered January 3, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000015-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYLER GRONER | : | |
| | : | |
| Appellant | : | No. 943 MDA 2019 |

Appeal from the Order Entered January 3, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000968-2017

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: MAY 27, 2020**

Appellant, Tyler Groner, appeals from the order designating him a sexually violent predator ("SVP") under the Pennsylvania Sexual Offender Registration and Notification Act ("SORNA II"), 42 Pa.C.S.A. §§ 9799.10 *et seq*. For the reasons that follow, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

On March 19, 2018, Appellant pled guilty on two separate dockets in which he was charged with committing various first-degree felony sexual assault crimes against a minor in 2010 and 2012, respectively. On June 5, 2018, the court sentenced him to 60 to 120 months' incarceration on the first docket, and 17 to 34 years' incarceration on the second docket, with the sentences to run concurrently to one another. On January 3, 2019, the court, informed by the Sexual Offender Assessment Board's evaluation, conducted an SVP hearing. At the hearing's conclusion, the court found Appellant to be an SVP and entered an order containing the determination.

Appellant filed two separate direct appeals, each listing one docket number, and this Court entered an order consolidating the two appeals under the above caption. Herein, he raises the following issue for our consideration:

> [Does] SORNA II contravene[] the 5th, 6th, and 14th Amendments of the United States Constitution and Pennsylvania Constitution as a criminal punishment, without appropriate due process requiring that each fact necessary to support the imposition of designation of the Appellant as a sexually violent predator be submitted to a fact-finder or jury and proven beyond a reasonable doubt under **Commonwealth v. Butler**, 173 A.3d 1212, 1213 (Pa.Super. 2017), **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne v. United States**, 570 U.S. 99 (2013)?

Appellant's brief, at 2.

Initially, we acknowledge that a challenge to the SORNA registration requirements presents a legality of sentence issue. **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa.Super. 2019). "Issues relating to the legality of a sentence are questions of law.... Our standard of review over such

- 2 -

questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Barnes***, 167 A.3d 110, 116 (Pa.Super. 2017) (*en banc* ) (citation omitted).

Appellant challenges the constitutionality of the SORNA II SVP assessment scheme because it provides for increased registration, notification, and counseling ("RNC") requirements for a defendant deemed an SVP by clear and convincing evidence. To support his claim, Appellant relies on our Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017 (holding RNC requirements of SORNA are punitive in effect, such that retroactive application violated *ex post facto* prohibitions under both the United States and Pennsylvania Constitutions)[1], and this Court's subsequent decision in ***Butler*** (holding because SORNA RNC requirements are punitive, any factual finding leading to SVP designation and corresponding increased RNC requirements must be found beyond a reasonable doubt by a fact-finder).

Appellant asserts that because SORNA II's procedures for SVP designation are identical to those in SORNA,[2] the current procedure predicating SVP fact-finding on a clear and convincing evidence standard is likewise unconstitutional under ***Muniz*** and ***Butler***.

---

[1] While ***Muniz*** is not a majority decision, the concurring opinion joins the Supreme Court's lead opinion to the extent it concludes that SORNA is punitive and that it was unconstitutional as applied to the appellant, in violation of both state and federal *ex post facto* prohibitions.

[2] A review of 42 Pa.C.S.A. § 9799.24. **Assessments**, under SORNA, and its counterpart at 42 Pa.C.S.A. § 9799.58. **Assessments**, under SORNA II, reveals the two sections to be identical in all pertinent parts.

On March 26, 2020, however, the Pennsylvania Supreme Court reversed this Court's **Butler** decision. In **Commonwealth v. Butler**, 25 WAP 2018, --- A.3d ---- (Pa. Mar. 26, 2020) (**Butler II**), our Supreme Court held that the RNC requirements "applicable to SVPs do not constitute criminal punishment," such that SORNA's procedures for designating sex offenders as SVPs set forth in Section 9799.24 do not violate "the principles set forth in **Apprendi** or **Alleyne**[.]" **Id.** at 30-31 (citing **Commonwealth v. Lee**, 935 A.2d 865, 880 (Pa. 2007) (**Apprendi** claims cannot succeed where sanctions do not constitute punishment)). Our Supreme Court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

**Id.** at 30 (citation omitted).

In light of our Supreme Court's decision in **Butler II**, we conclude SORNA II's RNC requirements for SVPs—essentially unchanged from those in SORNA—are likewise non-punitive, such that its procedural framework for designating SVPs by clear and convincing evidence does not run afoul of **Apprendi** or **Alleyne**. Accordingly, Appellant's challenge is without merit.

- 4 -

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/27/2020