J-S36044-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   : PENNSYLVANIA
                                   :
            v.                        :
                                   :
                                   :
TERRANCE FOWLER : 
                                   :
         Appellant       : No. 170 WDA 2020

Appeal from the Order Entered January 14, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002536-2010

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:        FILED SEPTEMBER 08, 2020

Terrance Fowler (Fowler) appeals from the order of the Court of Common Pleas of Erie County (PCRA court) denying his third petition for relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

I.

Fowler was tried by a jury for his role in a July 7, 2010 jewelry store robbery. The store owner testified that two masked men with guns entered the store and demanded that he open the safe. When he refused, one of the men shot him. The two men then took several silver certificates and fled. The store owner ultimately survived.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Because the store owner could not identify the masked robbers, the Commonwealth's case depended on a witness who lived near the jewelry store. He testified that he saw Fowler and another man park a car near his house then walk toward the store. They came back ten minutes later and drove away but soon returned and walked back toward the store. Growing suspicious, the witness wrote down the car's license plate number. About 15 minutes later, Fowler and the other man ran back to the car and drove away. The police traced the car to Fowler's home and spoke to him. He told the police that he had been in control of the car all day. The police later discovered one of the stolen silver certificates where Fowler had parked his car near the jewelry store.

The jury convicted Fowler of attempted murder, aggravated assault, conspiracy to commit robbery and possessing instruments of crime. He was sentenced to an aggregate term of 27½ to 55 years' imprisonment and we affirmed the judgment of sentence on direct appeal. Commonwealth v. Fowler, 53 A.3d 923 (Pa. Super. 2012) (unpublished memorandum). In April 2013, Fowler filed his first PCRA petition. The PCRA court denied the petition and we affirmed. Commonwealth v. Fowler, 100 A.3d 294 (Pa. Super. 2014) (unpublished memorandum). After an unsuccessful habeas petition in federal court, Fowler filed a second PCRA petition in March 2018 that was denied as untimely; we again affirmed on appeal. Commonwealth v. Fowler, No. 1162 WDA 2018 (Pa. Super. 2019).

On September 11, 2019, Fowler filed his third PCRA petition to assert an after-discovered evidence claim under 42 Pa.C.S. § 9543(a)(2)(vi). Fowler's source for the alleged evidence was Todd Powers (Powers), an insurance agent whose office was near the jewelry store and was interviewed by the police after the robbery. According to a July 9, 2010 police report, which Fowler attached to his petition, Powers spoke to one of the investigating detectives and gave the following information:

> [Powers] stated that he saw something unusual in that he was looking out of his office window. Shortly after 1100 hours he saw two dark skinned males walking at the rear of the property owned by the Rogers family at 4531 Harding. He believed that they were black males and that they were dressed in urban style clothing. He said that it was unusual because he had never seen anyone walking in that area. He said that one was wearing large baggy trousers and the other had on baggy shorts. He said that they were about 100 yards from him so he did not see any facial features. He watched them walk for about 40 yards. He believed that they had [bluish] tone colors on one shirt and it had a horizontal stripe on it. Also the one had a hoodie or some dark colored headgear covering his head which was unusual for the hot day that it was. Temperatures hit 90 degrees with high humidity. Powers put their ages at 25 to 35.

Fowler claimed that Powers was now recanting his prior statement that he could not see any facial features of the individual but could affirmatively state that Fowler was not one of the men that he saw on the day of the robbery. In support, Fowler attached an August 13, 2019 affidavit from his sister, Sharanda Fowler, which read, in relevant part:

> On the behalf of my brother Terrance Fowler, I reached out to Mr. Todd Powers on several occasions to ask him about what he told the police on the day of the Alex Cher Jewelry Store robbery that happened on July 7, 2010, and finally Mr. Powers agreed to meet

- 3 -

up with me. On September 27, 2018, Mr. Powers and myself met up at his place of employment located at Todd Powers Insurance at 4532 Peach Street, Erie, Pa. Mr. Powers was kind enough to look at a picture of my brother. Mr. Powers stated that my brother was not one of the guys that he had seen on July 7, 2010, in the of the [sic] jewelry store during the time of the robbery. I asked him would be willing to sign the back of the picture of my brother stating that he wasn't one of the persons who he saw on the day of the robbery. Mr. Powers then signed it, then I asked Mr. Powers why [he] didn't testify at the time of trial, he stated that he did not want to get involved. I thanked him for his time and I left his office.

Acknowledging that his petition was untimely, Fowler attempted to invoke the newly-discovered facts exception to the PCRA's one-year time bar. Under that exception, a petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(a)(2)(ii). Fowler contended that the new evidence was unknown to him and could not have been learned through due diligence because of Powers' reluctance "to get involved." The Commonwealth countered that Fowler did not act with due diligence in learning of the new facts, pointing out that he was aware of Powers being a potential witness before trial based on the July 7, 2010 report containing his statement to the police.

On December 20, 2019, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, stating that Fowler failed to exercise due diligence in questioning Powers. The court noted that Fowler had access to the 2010 police report, that Powers' office has been at the same location since that time, and that there was no evidence that Powers ever

- 4 -

made himself unavailable to cooperate or even testify at trial. Fowler responded that he acted with due diligence because he had no way of knowing that Powers would attest that Fowler was not one of the men that he observed on the day of the robbery. In the alternative, he moved for leave to amend his petition to clarify that Powers' proposed testimony would include that "he did not make himself available at the time of trial because he did not want to get involved."

On January 14, 2020, the PCRA court issued an order denying both the petition and the motion for leave to amend. Fowler timely appealed and now raises two issues for our review:

> I. Did the PCRA court's dismissal of the PCRA petition contravene this Court's decision in Commonwealth v. Derrickson, 923 A.2d 466 (Pa. 2007) where Appellant sought leave to amend his petition to establish the newly-discovered facts exceptions that the facts could not have been ascertained through the exercise of due diligence?
>
> II. Did Appellant plead and prove the newly-discovered facts exception giving the PCRA court jurisdiction to address the merits of issue?

Fowler's Brief at 5 (cleaned up).[1]

_____

[1] Our standard of review is well settled: "[w]hen reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." Commonwealth v. Smith, 181 A.3d 1168, 1174 (Pa. Super. 2018) (citation omitted). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. Commonwealth v. Mason, 130 A.3d 601, 617 (Pa. 2015).

II.

A.

We first address the timeliness of the petition. "Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa. Super. 2019) (citation omitted). The PCRA's time limit is mandatory and jurisdictional in nature and may not be ignored in order to reach the merits of the petition. Id. at 1124 (citation omitted). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the three statutory exceptions listed under 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petitioner seeking to invoke one of these exceptions must file their petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Conceding that his petition was filed more than a year after his judgment of sentence became final, Fowler nonetheless contends that his petition is

_____

[2] Under the former version of 42 Pa.C.S. § 9545(b)(2), any petition invoking a timeliness exception was required to be filed within 60 days of the date the claim could have been raised. However, effective December 24, 2018, Subsection 9545(b)(2) was amended to expand the time for invoking a timeliness exception from 60 days to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because both the claim arose and the petition was filed after December 24, 2017, Fowler is not precluded from attempting to invoke the newly-discovered facts exception under 42 Pa.C.S. § 9545(b)(2)(ii).

- 6 -

timely under the newly-discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii). The newly-discovered facts exception has two components, both of which must be pled and proven as an initial jurisdictional threshold. Specifically, the petitioner must demonstrate that: "(1) the facts upon which the claim was predicated were unknown; and (2) they could not have been ascertained by the exercise of due diligence." Commonwealth v. Diggs, 220 A.3d 1112, 1117 (Pa. Super. 2019) (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests and explain why he could not have learned the new facts earlier with the exercise of due diligence." Id. (citation omitted).

However, the exception does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." Commonwealth v. Brensinger, 218 A.3d 440, 449 (Pa. Super. 2019) (citation omitted). This being the case, "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." Id. (citation omitted). "A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." Id. (citation omitted).

Addressing the first component of the newly-discovered facts exception, the PCRA court stated, "it can be concluded that [Powers] changed his earlier statement and was now able to say that Fowler wasn't one of the males he

saw on July 7, 2010." Rule 907 Notice, 12/20/19, at 3-4. Because this information would have been unknown to Fowler, the PCRA court correctly found that the first component was satisfied.

Turning to the second component, we agree with the PCRA court that Fowler failed to exercise due diligence. First, Fowler would have been aware of Powers being a potential eyewitness even before the trial. Powers was interviewed soon after the robbery and his statement was included in the police report, which was dated two days after the robbery (July 9, 2010). Fowler does not allege that the Commonwealth failed to provide the report in discovery before or at the time of his trial. Without any evidence to the contrary, it can be inferred that, at the very least, Fowler knew that Powers saw the two robbers and was an eyewitness with potentially exculpatory information.

In such cases, we have been unwilling to grant relief where the alleged newly-discovered facts come from a source that was previously known to the petitioner at the time of trial but was simply left unexamined. See Commonwealth v. Brown, 111 A.3d 171, 178 (Pa. Super. 2015) (finding petitioner failed to prove that he acted with due diligence in learning a witness omitted crucial details about shooting from his testimony, when petitioner knew witness was at the scene and "would have had reason to believe" the witness heard the victim curse at the defendant and reach toward his waistband before defendant fired shots; "[n]otably, [petitioner] makes no

claim that he attempted to contact [the witness] at any point since trial to determine whether [he] had additional information regarding the day of the shooting."). In this case, Fowler knew that Powers saw the two robbers but failed to follow up on his statement to the police to confirm whether he could exclude Fowler as being one of the two men. The fact that Fowler's prior attorneys failed to investigate Powers' statement is irrelevant; the burden ultimately falls on the petitioner to exercise due diligence in ascertaining the new facts.

Additionally, we fail to see how Powers' general statement that he did not want to get involved relieved Fowler of having to act with due diligence to discover what Powers saw. The stated reluctance of a witness to get involved is not tantamount to an absolute refusal to cooperate or even testify at a subsequent proceeding. Indeed, the police report gives no indication that Powers was unwilling to cooperate or testify, nor has Fowler alleged any facts that Powers took any actions to make himself unavailable to be located and called as a witness at trial. Further, as the PCRA court observed, Fowler's sister met with Powers in September 2018 at the very same office near the jewelry store that is listed in the police report, indicating that he has likely not moved in the ensuing years after the robbery. Accordingly, Powers' disinclination to get involved does not explain why Fowler did not discover this purported new evidence until over seven years had passed since the trial.

Finally, we cannot agree that Fowler had no reason to follow up with Powers and learn whether there had been any change in his 2010 statement. Fowler cites four cases for this proposition. These cases bear some discussion, particularly Commonwealth v. Medina, 92 A.3d 1210 (Pa. Super. 2014) (en banc), an oft-cited case by petitioners seeking to invoke the newly-discovered facts exception.

In Medina, the petitioner was convicted of first-degree murder in 1992 based on the testimony of a 12-year-old eyewitness who claimed that he saw the petitioner stab the victim. The eyewitness's younger brother also testified at the trial, claiming that he saw petitioner with a knife and say that he intended to kill someone that night. Id. at 1213. In 2016, the younger brother, now an adult, was transferred to the same prison as the petitioner and revealed that a police detective coerced both him and his brother to commit perjury. Id. at 1216. After learning this, the petitioner filed a petition with affidavits from the two brothers recanting their testimony. Because the petition was facially untimely, the petitioner relied on the newly-discovered facts exception to the PCRA time bar. The PCRA court agreed and ordered a new trial. In so doing, the court found that the petitioner could not have learned about the coerced testimony any earlier because there was no evidence that the younger brother had ever previously disclosed the information or that the Commonwealth knew about the detective's coercion of the two brothers. Id. at 1217.

On appeal, an en banc majority of this Court agreed that the petitioner could not have learned about the coerced testimony any earlier. Importantly, we noted that the younger brother testified "consistently and unequivocally" at the trial. Id. at 1217. As a result, it was unlikely that defense counsel, without any supporting basis, would have been able to compel the younger brother to change his testimony during cross-examination without any supporting factual basis to show why he was lying. Id.

This situation differs from that in Medina where the two witnesses gave unequivocal inculpatory testimony at a trial, but then later recanted their trial testimony and revealed that they were coerced to lie. Here, Powers did not inculpate Fowler in his 2010 statement to the police; instead, he merely said that he could not see the two men's facial features. We cannot know whether Powers would have excluded Fowler in 2010 or the ensuing years because no one ever followed up on his statement. If Powers at the time had said that he could not exclude Fowler as being one of the two men he saw but then later recanted and said he could exclude him, then Fowler would have a colorable argument that he could not have learned about the new evidence through due diligence. However, that is not what occurred here.

Moreover, in Medina, the petitioner did not learn about the coerced testimony until the younger brother volunteered the information. In contrast, Fowler learned of the new evidence through his own efforts by having his sister finally follow up with Powers to see if he could exclude Fowler. As we

discussed above, Fowler gives no explanation as to why he did not discover this information until 2018, and Powers' statement that he did not want to get involved is insufficient to prove that he could not have.

The same holds true for the other cases Fowler relies on, all of which are cited in Medina. See Commonwealth v. McCracken, 659 A.2d 541, 545 (Pa. 1995) (petitioner granted new trial after key eyewitness contacted trial counsel to recant his trial testimony); Commonwealth v. Cobbs, 759 A.2d 932, 934 (Pa. Super. 2000) (new trial granted after two police officers identified the petitioner at trial but testified at later civil depositions that they could not identify the petitioner); Commonwealth v. Loner, 836 A.2d 125, 137, n.5 (Pa. Super. 2003) (en banc) (rejecting Commonwealth argument that the victim's recantation was not after-discovered evidence because the petitioner would have known before trial that she was not telling the truth). In each instance, the recanting witness unequivocally inculpated the petitioner at the trial, but later came forward to recant testimony. Here, Fowler waited over seven years to follow up and investigate a potential eyewitness that he had known about since before trial.

Accordingly, the PCRA court correctly found that Fowler did not sufficiently plead and prove that he exercised due diligence and, thus, his petition was not timely under the newly-discovered facts exception to the PCRA jurisdictional time bar.

B.

We turn next to whether Fowler should have been granted leave to amend his petition after the PCRA court issued its Rule 907 notice on December 20, 2019. Rule of Criminal Procedure 905 governs the amendment of petitions for collateral relief. In relevant part, the Rule provides that the PCRA court "may grant leave to amend … a petition for post-conviction collateral relief at any time" and that "amendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A).

While the standard for amendment is a liberal one, we find that the trial court did not err in denying Fowler leave to amend. Fowler's proposed amendment was substantively identical to his original pleading. Specifically, Fowler sought leave to amend his petition to clarify that Powers "did not make himself available at the time of trial because he did not want to get involved." (emphasis added). Regardless of whether the phrase "at the time of trial" were added, Fowler was still merely alleging that Powers simply did not want to get involved. As explained above, a witness's desire to not get involved is not the same as making oneself unavailable at the time of trial. Because the proposed amendment did not allege any new facts showing that Powers was not willing to cooperate as a witness or testify, there was no need for the PCRA court to grant Fowler leave to amend his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2020