J-A12010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH WILLIAM HUNTER, JR. | |
| Appellant | No. 933 MDA 2020 |

Appeal from the PCRA Order entered June 17, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0002419-1998,
CP-40-CR-0004722-1998

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH WILLIAM HUNTER, JR. | |
| Appellant | No. 934 MDA 2020 |

Appeal from the PCRA Order entered June 17, 2020
In the Court of Common Pleas of Luzerne County
Criminal Division at Nos: CP-40-CR-0002419-1998,
CP-40-CR-0004722-1998

BEFORE: LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED: SEPTEMBER 9, 2021**

Appellant, Kenneth W. Hunter, appeals from the June 17, 2020 orders of the Court of Common Pleas of Luzerne County denying his "Petition for Special Relief," which the lower court characterized as an untimely petition

under the Post Conviction Relief Act (PCRA). We disagree. Accordingly, we vacate and remand to the trial court for proceedings consistent with this memorandum.

The factual and procedural background of the instant appeal as recited by the PCRA court are as follows:

Appellant appeals from the lower court's order dismissing his January 30, 2020, Petition for "special relief" and denying him relief pursuant to the [PCRA]. Relevantly, on September 2, 1999, the cases docketed to 4722-1998, and 2419-1999, respectively, [Appellant] plead guilty to statutory rape . . . and related offenses before the late[] Honorable Gifford S. Cappellini. Thereafter, on October 29, 1999, relative to both aforementioned dockets, Appellant was sentenced to a term of incarceration. On November 8, 1999 and November 10, 1999, Appellant filed post sentence motions to modify his sentences, which were granted by Orders dated November 29, 1999. No direct appeal or prior post-conviction motions were filed.

On January 30, 2020, Appellant, through his counsel, filed a "petition for special relief" citing **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), and arguing that his lifetime requirement to register as a sex offender was unconstitutional. After careful review, on February 3, 2020, the lower court filed and served on Appellant a "Notice of intention to dismiss motion for post-conviction relief pursuant to Pa.R.Crim.P. 907," citing **Commonwealth v. Greco**, 203 A.3d 1120 (Pa. Super. 2019), which held that a procedurally and factually similar petition is to be treated as one pursuant to the PCRA. In response, Appellant's counsel filed a reply asking that [the lower court] hold the matter in abeyance for a time citing an order of the Pennsylvania Supreme Court granting allowance of appeal for the following issue:

"Did the Superior Court err in ruling that the Honorable Donna Jo McDaniel correctly treated petitioner's amended [PCRA] petition and/or petition for writ of habeas corpus, which challenged the constitutionality of subchapter I of the Pennsylvania

> Sex Offender Registration and Notification Act (which was recently enacted into law on February 21, 2018), as an untimely petition filed pursuant to the [PCRA]?
>
> Order dated January 2, 2020, **Commonwealth v. Bres**, No. 231 WAL 2019.[FN]
>
> > [FN] Our review indicates that, to date, the Honorable State Supreme Court has not entered any subsequent Opinion or Order in that matter. Accordingly, the Honorable Superior Court's non-precedential memorandum, which affirmed the trial court's order denying relief on the basis that Bres's petition was a late filed PCRA petition, has not been reversed.
>
> On June 17, 2020, the lower court entered an order dismissing Appellant's petition pursuant to Pa.R.Crim.P. 907. On July 10, 2020, Appellant filed a timely counseled notice of appeal. In response, the lower court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant's concise statement was filed on August 3, 2020 raising what we discern as an allegation that the trial court erred in treating Appellant's petition for special relief as an untimely PCRA petition.

Trial Court Opinion, 8/11/20 at 1-3 (slightly edited).

As noted, Appellant filed a "petition for special relief," relying on **Muniz** for the proposition that that his lifetime requirement to register as a sex offender was unconstitutional. The lower court treated the petition as an untimely PCRA petition and denied relief to Appellant. On appeal, Appellant argues that the lower court erred in treating the underlying petition as governed by the PCRA.[1]

---

[1] The Commonwealth agrees with Appellant that the "lower court incorrectly denied the [Appellant]'s request for relief on jurisdictional grounds based on the recent cases of **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020)
*(Footnote Continued Next Page)*

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), our Supreme Court noted:

> This Court has not yet required that sexual offender registration statutes be challenged through the PCRA or some other procedural mechanism. Indeed, we have consistently decided cases regarding sexual offender registration statutes that were challenged via different types of filings. ***See*** [***Commonwealth v. Muniz***, 164 A.3d 1189, 1208] (successful challenge to constitutionality of SORNA via direct appeal), ***Commonwealth v. Martinez***, 637 Pa. 208, 147 A.3d 517, 523 (2016) (successful challenge to increase of registration term through "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus" where PCRA petition would have been untimely), ***A.S. v. Pa. State Police***, 636 Pa. 403, 143 A.3d 896, 903 n.7 (2016) (successful challenge to registration term through mandamus action against PSP), [***Commonwealth v. Williams***, 832 A.2d 962, 972 (Pa. 2003)], (unsuccessful challenge to constitutionality of Megan's Law II through "Motion for Extraordinary Relief" and "Motion for Relief"). Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final.
>
> This is especially so under the PCRA as many registrants, Lacombe included, would be ineligible for relief on timeliness grounds. ***See*** 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of judgment of sentence becoming final unless exception applies). Other registrants may be ineligible because their

and ***Commonwealth v. Moose***, 2021 WL 19030 (Pa. Super. [filed January 4, 2021]). The case should be remanded for the lower court to consider the merits of [Appellant]'s motion." Commonwealth's Letter, 3/23/21, at 1.

sentence has expired while their registration requirements continue. *See* 42 Pa.C.S. § 9543(a)(1) (PCRA petitioner must be serving sentence to be eligible for relief). Both situations arise from the fact that the registration period does not begin until registrants are released from prison, which may be well after their sentence has become final or may signal the completion of their sentence. Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements."

*Id.* at 617-18.

Here, as noted, Appellant filed a "petition for special relief" challenging the constitutionality of his registration requirements, which the lower court construed as a PCRA petition, and ultimately denied it as untimely under the PCRA. In light of **Lacombe**, we must conclude that the lower court erred in doing so. **See also Commonwealth v. Moose**, 245 A.3d 1121 (Pa. Super. 2021) (*en banc*). Accordingly, we vacate the June 17, 2020 orders and remand to the trial court for proceedings consistent with this memorandum.[2]

Orders vacated. Case remanded. Jurisdiction relinquished.

---

[2] It should be noted that the instant decision does not affect or dispose of the underlying issue Appellant raised in his petition for special relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/09/2021