J-S18005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE CLAUDIO HUAPAYA, JR. | : | |
| | : | |
| Appellant | : | No. 1488 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0001156-2017.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE CLAUDIO HUAPAYA JR. | : | |
| | : | |
| Appellant | : | No. 365 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 4, 2018,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s):  CP-40-CR-0001156-2017.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 29, 2020**

In these consolidated appeals, Jorge Claudio Huapaya Jr., appeals from

the judgment of sentence imposed after a jury convicted him of multiple sex

offenses.  Specifically, Huapaya challenges as unconstitutional his designation

_____

[*] Former Justice specially assigned to the Superior Court.

as a sexually violent predator ("SVP") under the current Pennsylvania Sexual Offender Registration Act ("SORNA II"). We affirm.

The pertinent facts and procedural history are as follows. On March 3, 2017, the Commonwealth charged Huapaya with rape and related offenses arising from the sexual abuse of his daughter, B.L., over an approximate ten-year period. As noted above, a jury convicted him of all the charges. On June 5, 2018, the trial court sentenced him to an aggregate term of 192 to 408 months of imprisonment. Even though an assessment of Huapaya by the Sexual Offender Assessment Board ("SOAB") had not been completed, Huapaya agreed to be sentenced that day with the understanding that an SVP hearing would be held at a later date. *See* N.T., 6/5/18, at 3. Huapaya filed a *nunc pro tunc* appeal from his judgment of sentence on September 5, 2018. We docketed this appeal at 1488 MDA 2018.

On January 3, 2019, the trial court held the SVP hearing despite Huapaya's objection to the proceeding based upon this Court's decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) ("*Butler I*"). Notwithstanding his objection, Huapaya stipulated to the factual findings and conclusions of the SOAB assessor and the trial court found him to be an SVP. After obtaining permission from the trial court, on February 25, 2019, Huapaya filed an appeal *nunc pro tunc* from the trial court's SVP designation. We docketed this appeal at 365 MDA 2019.

On April 3, 2019, this Court consolidated the two appeals.[1]  Both Huapaya and the trial court have complied with Pa.R.A.P. 1925(a).

Huapaya now raises the following issue on appeal:

1. Whether SORNA II contravenes the 5th, 6th and 14th Amendments of the United States Constitution and [the] Pennsylvania Constitution as a criminal punishment, without appropriate due process requiring that each fact necessary to support the imposition of designation of [Huapaya] as a sexually violent predator be submitted to a fact-finder or jury and proven beyond a reasonable doubt under *Commonwealth v. Butler*, 173 A.3d 1212, 1213 (Pa. Super. 2017), *Apprendi v. New Jersey*, and *Alleyne v. United States*, 570 U.S. 99 (2013)?

Huapaya's Brief at 2.

We first acknowledge that a challenge to the SORNA registration requirements presents a legality of sentence issue.  *Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa. Super. 2019).  "Issues relating to the legality of a sentence are questions of law.  *Commonwealth v Barnes,* 167 A.3d 110, 116 (Pa. Super. 2017) (*en banc*).  As such, our standard of review is *de novo* and our scope of review is plenary.  *Id.*

Huapaya challenges the constitutionality of the SORNA II's SVP process because it provides for increased registration, notification, and counseling

---

[1] *See Commonwealth v. Woeber*, 174 A.3d 1096, 1099 (Pa. Super. 2017) (consolidating appeal from judgment of sentence and subsequent SVP determination; when defendant waives a pre-sentence SVP determination, his judgment of sentence does not become final until the SVP determination is rendered).

("RNC") requirements for a defendant deemed an SVP by clear and convincing evidence. To support this claim, Huapaya relies on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (holding the RNC requirements of SORNA are punitive in effect, such that retroactive application violated *ex post facto* prohibitions under both the United States and Pennsylvania Constitutions), and this Court's subsequent decision in **Butler I**, *supra* (holding that because SORNA's RNC requirements are punitive, any factual finding leading to an SVP determination must be found beyond a reasonable doubt by the defendant's chosen fact-finder).

Huapaya asserts that because SORNA II's process for SVP designation is identical to those in SORNA,[2] the current procedure predicating SVP fact-finding on a clear and convincing evidence standard is likewise unconstitutional under **Muniz** and **Butler I**.

Most recently, however, on March 26, 2020, the Pennsylvania Supreme Court decided **Commonwealth v. Butler**, 25 WAP 2018, ____ A.3d ____ (Pa. March 26, 2020) ("**Butler II**"), reversing **Butler I**, and holding that the RNC requirements "applicable to SVPs do not constitute criminal punishment," such that SORNA's procedures for designating sex offenders as SVPs set forth in Section 9799.24 do not violate "the principles set forth in **Apprendi** or **Alleyne**[.]" **Butler II**, at 30-31 (citing **Commonwealth v. Lee**, 935 A.2d

---

[2] **Compare** 42 Pa.C.S.A. § 9799.24 (SORNA) with 42 Pa.C.S.A. § 9799.58 (SORNA II).

865. 880 (Pa. 2007) (**Apprendi** claims cannot succeed when sanctions do not constitute punishment)). In **Butler II**, our Supreme Court explained:

> Although we recognize the RNC requirements impose affirmative disabilities or restraints upon SVPs, and those requirements have been historically regarded as punishment, our conclusions in this regard are not dispositive on the larger question of whether the statutory requirements constitute criminal punishment. This is especially so where the government in this case is concerned with protecting the public, through counseling and public notification rather than deterrent threats, not from those who have been convicted of certain enumerated crimes, but instead from those who have been found to be dangerously mentally ill. Under the circumstances, and also because we do not find the RNC requirements to be excessive in light of the heightened public safety concerns attendant to SVPs, we conclude the RNC requirements do not constitute criminal punishment.

**Id.** at 30 (citation omitted).

In light of our Supreme Court's decision in **Butler II**, we conclude SORNA II's RNC requirements for SVPs—essentially unchanged from those in SORNA—are likewise non-punitive, such that its process for designating SVPs by clear and convincing evidence does not run afoul of **Apprendi** or **Alleyne**.[3] Accordingly, Huapaya's issue on appeal is without merit.

---

[3] In its Rule 1925(a) opinion, the trial court agreed that Huapaya's SVP determination should be vacated based upon a recent memorandum opinion of this Court. **See** Trial Court Opinion, 5/20/19, at 2 (citing **Commonwealth v. Weiand**, 2019 WL 2173042, (Pa. Super. 2019). **Weiand** was decided before our Supreme Court reversed our decision in **Butler I**, upon which it relied to vacate Weiand's SVP designation. Obviously, as **Butler I** is no longer controlling, the trial court's conclusion is no longer valid.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/29/2020