J-S25003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
GARY DANIEL BARTONE            :
                               :
          Appellant            :  No. 1345 MDA 2019

Appeal from the PCRA Order Entered July 26, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001521-2007


BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:            **FILED: JUNE 1, 2020**

Gary Daniel Bartone appeals *pro se* from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

In November of 2008, Bartone was convicted, by a jury, of five counts of indecent assault, four counts each of involuntary deviate sexual intercourse and aggravated indecent assault, two counts each of corruption of minors and furnishing alcohol to minors, and one count of sexual assault.  On March 30, 2009, Bartone was sentenced to 18-36 years of incarceration and deemed to be a "sexually violent predator" (SVP).

Bartone filed a motion to modify sentence which was denied on April 9, 2009.  Bartone filed a timely direct appeal; our Court affirmed his judgment of sentence on April 2, 2012.  Thereafter, the Pennsylvania Supreme Court denied Bartone's petition for allowance of appeal.  Bartone filed a timely *pro*

*se* PCRA petition on July 12, 2012, which was denied, following a hearing, on June 3, 2013. Bartone filed a collateral appeal to this Court; we affirmed the denial of his petition in October 2013. The Pennsylvania Supreme Court denied Bartone's petition for allowance of appeal in January 2015. As Bartone acknowledges in his brief, the procedural history from January 2015 to August 2018 is "somewhat convoluted." Appellant's Brief at 5. What we are able to discern, however, is that Bartone sought some form of state and federal habeas corpus relief.[1]

Bartone's most recent PCRA petition was filed on August 2, 2018. On June 17, 2019, the trial court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Bartone's petition without a hearing. Bartone filed *pro se* objections to the court's notice; however, on July 23, 2019, the court dismissed the PCRA petition as untimely. This *pro se* appeal follows. Bartone raises the following issue for our consideration:

> [Did] the PCRA court err[] as a matter of law and abuse[] its discretion when failing to correct a blatant injustice specifically when having jurisdiction to do so and as it relates to an 'unconstitutional/illegal' sentence imposed in this instant criminal matter when:
>
> > (1)    Failing to correct an unconstitutional/illegal sentence in violation of [Bartone's] constitutional rights as guaranteed by the United States Constitution, specifically the Sixth and Fourteenth Amendments when imposing a sentence which violates laws; and in contravention of the Pennsylvania Sentencing Guidelines; violating laws of "equal protection[;]"

---

[1] It is unclear if the trial court took any action on this filing. Bartone does state that the federal court denied his habeas petition.

"due process[;]" "adequate process[,]" and the "void-ab-initio" doctrine;

(2)    Failing to adopt it[]s inherent power pursuant to Title 42 Pa.C.S. given to a sitting Common Pleas Judge to correct "sua sponte" a clear "manifest injustice' such as an unconstitutional and illegally imposed sentence.

Appellant's Brief, at 2.

Before we address the merits of Bartone's issues, we must begin by examining the timeliness of his PCRA petition, as the PCRA time limitations implicate a court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was **recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania** after the time period provided in this section and has been held by that court to apply retroactively.

- 3 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis added). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Here, Bartone's judgment of sentence became final in July 2012, when the time expired for him to file a petition for certiorari with the United States Supreme Court. **See** Sup. Ct. R. 13. Thus, he had one year from then, or until July 2013, to file a timely PCRA petition. Because his present petition was filed in August 2018, it is facially untimely. Consequently, in order for the PCRA court to have jurisdiction to review the merits of his claims, Bartone must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. §§ 9545(b)(1)(i-iii).

Although unclear, it appears that Bartone is claiming that his sentence is "patently illegal"[3] where his designation as an SVP "unconstitutional[ly] enhance[ed and] increase[d]" his sentence. Appellant's Brief, at 7a. As a

---

[2] We note that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because **Butler I** was decided on October 31, 2017, prior to the December 24, 2017 date articulated in section 3 of Act 2018, Barone was still required to file his PCRA claim within 60 days of the date **Butler I** was filed to meet the timeliness exception. He failed to meet this timeline.

[3] To the extent that Bartone asserts illegal sentencing claims cannot be waived, we note that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

result, Bartone asserts he will likely "die while incarcerated." *Id.* To the extent that Bartone is claiming a new constitutional right excuses his untimely PCRA petition, we disagree.

In *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (plurality), our Supreme Court held that the Sexual Offenders Notification Act's (SORNA) registration provisions are punitive, and that retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution. Moreover, in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (*Butler I*), our Court held that the provision of SORNA that requires the court to designate defendant as an SVP by clear and convincing evidence violates federal and state constitutions because it increases defendant's criminal penalty without fact-finder making necessary factual findings beyond reasonable doubt.[4] Later, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), our Court recognized that even though "*Muniz* created a substantive rule that

_____

[4] Since Bartone filed his appeal, the Pennsylvania Supreme Court reversed *Butler I*. In *Commonwealth v. Butler*, 2020 Pa. LEXIS 1692 (Pa. filed March, 26, 2020) (*Butler II*), the Supreme Court recently held that SVP lifetime registration, notification, and counseling requirements, pursuant to 42 Pa.C.S. §§ 9799.5, 9799.16, 9799.26, 9799.27 and 9799.36, do not constitute criminal punishment and, thus, the procedure for designating individuals as SVPs under section 9799.24(e)(3) is not subject to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), and is constitutionally permissible. Thus, even if Bartone had timely filed his PCRA petition, he would not be entitled to relief as his reliance on *Butler I* is moot.

retroactively applies in the collateral context[,]" where, as here, a "PCRA petition is untimely[, the petitioner] must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii)." *Murphy*, 180 at 405-06 (emphasis in original). *See Commonweatlh v. Greco*, 203 A.3d 1120 (Pa. Super. 2019) (same); *see also Commonwealth v. Hromek*, 2020 PA Super 114 (Pa. Super. filed May 12, 2020) (reaffirming *Murphy* and holding that trial court lacked jurisdiction to reach merits of untimely PCRA petition; *Muniz* decision does not allow petitioner to escape PCRA time-bar as it fails to satisfy newly-recognized constitutional right exception under 42 Pa.C.S. § 9545(b)(1)(iii)).

Here, where Bartone's petition is facially untimely and he failed to satisfy any PCRA time-bar exception, we conclude that the trial court correctly dismissed his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/01/2020