J-S30029-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY LYNN SHOEMAKER | : | |
| | : | |
| Appellant | : | No. 1838 WDA 2019 |

Appeal from the PCRA Order Entered November 14, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015512-2008

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    FILED OCTOBER 07, 2020

Jerry Lynn Shoemaker appeals from the order entered on November 14, 2019, which dismissed as frivolous his most recent petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 14, 2010, a jury convicted Shoemaker of rape of a child, involuntary deviate sexual intercourse with a child, aggravated indecent assault, indecent assault of a person less than 13 years of age, endangering welfare of children, and corruption of minors.[1] He was sentenced to an aggregate sentence of 25 to 50 years of incarceration. Shoemaker filed a counseled direct appeal to this Court, and we affirmed the judgment of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(a)(7), 3126(a)(7), 4304(b), and 6301(a)(1), respectively.

sentence on February 8, 2012. Commonwealth v. Shoemaker, No. 1845 WDA 2010 (Pa.Super. filed Feb. 8, 2012) (unpublished memorandum), appeal denied, No. 97 WAL 2012 (Pa. order filed Dec. 31, 2012).

On December 30, 2013, Shoemaker filed a counseled PCRA petition, alleging ineffectiveness of trial counsel. After a hearing, the PCRA court dismissed Shoemaker's petition. Shoemaker thereafter filed an appeal to this Court, and we affirmed. Commonwealth v. Shoemaker, No. 716 WDA 2017 (Pa.Super. filed Nov. 28, 2018) (unpublished memorandum), appeal denied, No. 501 WAL 2018 (Pa. order filed May 30, 2019).

Shoemaker, acting pro se, filed the instant PCRA petition on July 9, 2019, alleging, inter alia, ineffectiveness of PCRA counsel and a Brady[2] violation, and requested the appointment of counsel. The PCRA court thereafter sent Shoemaker a Pa.R.Crim.P. 907 notice of intent to dismiss his petition and Shoemaker filed a response. The PCRA court dismissed the petition on November 14, 2019 and Shoemaker filed a pro se appeal. Shortly thereafter, Shoemaker retained private counsel who entered his appearance on December 11, 2019. Shoemaker's counsel filed an appeal the next day and Shoemaker's previous pro se appeal was discontinued. The PCRA court ordered Shoemaker to file a concise statement of errors complained of on appeal, and counsel filed same on January 6, 2020. Shoemaker now raises one issue for our review:

_____

[2] Brady v. Maryland, 373 U.S. 83 (1963).

> Did the PCRA [c]ourt err in failing to grant Shoemaker's request for the appointment of counsel where he pled non-frivolous claims the presentation of which was hindered by his lack of legal expertise such that appointment of counsel was required in the interests of justice pursuant to Pa.R.Crim.P. 904(E)?

Shoemaker's Br. at 4.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." Commonwealth v. Beatty, 207 A.3d 957, 960-61 (Pa.Super. 2019) (citation omitted). "We afford the court's factual findings deference unless there is no support for them in the certified record." Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa.Super. 2019) (citation omitted).

Shoemaker argues that the PCRA court erred in denying his request for the appointment of counsel in the instant PCRA petition. Shoemaker's Br. at 11. Shoemaker recognizes that he was not entitled to the mandatory appointment of counsel since this was not his first PCRA petition. Id. However, Shoemaker contends that "his assertion of non-frivolous claims of ineffective assistance of initial PCRA counsel that may implicate the doctrine of ineffective assistance of counsel per se, as well as a claim of a violation of Brady, which claims he could not previously have presented, warrant the appointment of counsel to research and, if appropriate, cogently present, his claims in the interest of justice pursuant to Pa.R.Crim.P. 904(E)." Id.

Shoemaker asserts that Pennsylvania Rule of Criminal Procedure 904(E), discussed infra, "should be interpreted, at a minimum, to require appointment of counsel in cases like his where a petitioner is raising non-frivolous, newly accrued claims that have never been reviewed, much less cogently articulated, by an attorney." Id. at 16 (footnote omitted). According to Shoemaker, "if Rule 904 is not interpreted to require the appointment of counsel where petitioners raise non-frivolous claims they could not previously have raised, petitioners' ability to have them evaluated, and, if appropriate, advanced by competent counsel, will be subject to the arbitrary whims of the particular jurist presiding over their cases, a result that arguably violates equal protection principles, and, in any event, is plainly unfair and unjust." Id. at 17. Shoemaker requests that this matter be remanded to the PCRA court with instructions to enter an order appointing counsel and reinstating his right to file an amended PCRA petition nunc pro tunc. Id. at 26.

Pennsylvania Rule of Criminal Procedure 904 provides, in pertinent part:

* * *

(C) Except as provided in paragraph (H) [regarding appointment of counsel in death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

(D) On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule

908, the judge shall appoint counsel to represent the defendant.

(E) The judge shall appoint counsel to represent a defendant whenever the interests of justice require it.

Pa.R.Crim.P. 904(C)-(E). The Comment to Rule 904 states:

Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief *for the first time* and is unable to afford counsel or otherwise procure counsel. However, the rule now limits appointment of counsel on second or subsequent petitions so that counsel should be appointed only if the judge determines that an evidentiary hearing is required. Of course, the judge has the discretion to appoint counsel in any case *when the interests of justice require it.*

Pa.R.Crim.P. 904 cmt. (first emphasis in original, subsequent emphasis added).

Thus, it is clear from Rule 904 that a PCRA petitioner is not entitled to counsel for a successive PCRA petition. Rather, on a successive petition, a petitioner is only entitled to the appointment of counsel if he or she is indigent and an evidentiary hearing is necessary, or "whenever the interests of justice require it." Pa.R.Crim.P. 904(D),(E). Shoemaker contends that he was entitled to the appointment of counsel because the "the interests of justice require[d] it" pursuant to Rule 904(E). Shoemaker's Br. at 11, 23. Shoemaker's claim is without merit.

Significantly, the PCRA court made a specific finding that it denied Shoemaker's request for the appointment of counsel because his instant PCRA petition was a successive petition and "the interests of justice [did] not require

it." PCRA Court Opinion, filed Jan. 29, 2020, at 5. As the Comment to Rule 904 makes clear, the judge has the discretion to appoint counsel when the interests of justice require it. Since this was not Shoemaker's first petition, he was not entitled to appointed counsel and the PCRA court did not err in denying his request after determining that the interests of justice did not require the appointment of counsel. This Court declines to adopt Shoemaker's interpretation of Rule 904.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2020