J-S33041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                 :   PENNSYLVANIA
                                                 :

           v.                                   :
                                                 :

ANGEL FELICIANO                    :
                                             :

           Appellant               :   No. 421 EDA 2021

Appeal from the PCRA Order Entered January 15, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009715-2012

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED MARCH 1, 2022**

Angel Feliciano appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A panel of this court previously summarized the facts as follows:

> In mid-January, 2010, [Feliciano] was involved in a dispute over drug territory with the decedent, Kenneth Rolon. On January 22, 2010, [Feliciano] was a passenger in a car being driven by his co-defendant, Willey Ortiz, when [Feliciano] saw Rolon standing on a street corner. Ortiz pulled over to the corner and waved Rolon over to the car. When Rolon approached the car, [Feliciano] fired a .25 caliber pistol in Rolon's chest, killing him. N.T. [,] 2/3/14[,] at 34–37.

***Commonwealth v. Feliciano***, No. 1781 EDA 2016, unpublished memorandum at 2 (Pa.Super. filed 5/22/17) (quoting Trial Court Opinion, 6/29/16, at 2–3) (footnote omitted).

Feliciano pleaded guilty to third-degree murder, conspiracy to commit murder, and possessing an instrument of a crime.[1] He was sentenced to an aggregate term of 25-50 years' incarceration. Feliciano filed a post-sentence motion seeking to withdraw his guilty plea, which the court denied. He appealed, and we affirmed the judgment of sentence on May 22, 2017.

Nearly three years later, on May 19, 2020, Feliciano filed a *pro se* PCRA petition. Counsel was appointed, who subsequently filed a **Finley**[2] letter. The court dismissed Feliciano's petition and granted counsel's request to withdraw. This timely appeal followed.

Feliciano raises the following five issues for our review:

1. Whether trial/plea counsel (Wolf) was ineffective in violation of the 6th and 14th Amendments?

2. [Whether] the plea colloquy was defective in violation of due process and the right to competent counsel[?]

3. [Whether] the PCRA court erred by not holding an evidentiary hearing on the affidavit[] from the doctor who was treating [Feliciano] for mental health issues prior to the plea[?]

4. [Whether] court[-]appointed PCRA counsel O'Hanlon[3] was ineffective in violation of the 6th and 14th

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, and 907, respectively.

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] As the trial court noted, Attorney O'Hanlon "represented [Feliciano] in a previous PCRA petition, which he filed to reinstate [Feliciano's] right to file a direct appeal after [Feliciano's] initial direct appeal was dismissed for appellate counsel's failure to file a brief. After the PCRA court reinstated [Feliciano's] direct appeal rights, Mr. O'Hanlon represented [Feliciano] on direct appeal,
*(Footnote Continued Next Page)*

Amendments to the United States Constitution and the Pennsylvania Constitution[?]

5. [Whether Feliciano] suffered civil rights violations and obstruction of justice violations at the hands of corrupt Philadelphia police officials (via) Detective James Pitts, Detective Phillip Nordo, Detective Omar Jenkins, Officer Seigafuse, and dismissed Ex-Assistant District Attorney Andrew Notaristefano, all relating to after[-]discovered evidence[?]

Feliciano's Br. at 4 (unnecessary capitalization omitted).

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

It is well-established that "[u]nder the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." **Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa.Super. 2019). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's time limit is mandatory and jurisdictional in nature, and the court may not ignore it to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000).

---

filing an **Anders** brief that was accepted by [this] Court." Trial Ct. Op. at 2 n.3.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4]

Here, Feliciano's judgment of sentence became final on June 21, 2017. Therefore, Feliciano had until June 21, 2018, to file a PCRA petition. Since the instant PCRA petition was filed on May 19, 2020, it is patently untimely. Therefore, Feliciano was required to plead and prove at least one of the time-bar exceptions. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

---

[4] Section 9545(b)(2) was amended, effective December 24, 2018, to increase the time for filing from 60 days after the date the claim could have been presented, to one year after the petitioner could have first presented it.

Apart from Feliciano's third and fifth issues, Feliciano did not address timeliness in his PCRA petition or attempt to raise one of the time-bar exceptions. Thus, Feliciano's first, second, and fourth issues are time-barred and the PCRA court was without jurisdiction to address them on the merits.

As to Feliciano's third and fifth issues, Feliciano attempts to assert the unknown fact exception, pursuant to section 9545(b)(1)(ii). In order to succeed in raising the unknown fact exception, a petitioner must establish that: (1) "the facts upon which the claim is predicated were unknown," and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa.Super. 2015) (*en banc*) (footnote omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Id.** Further, "[t]he focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (cleaned up).

Feliciano's third issue contends that the PCRA court erred by not holding an evidentiary hearing regarding an "affidavit" from a "doctor" who was treating him for mental health issues prior to his guilty plea. Feliciano's Br. at 14. Feliciano attached to his PCRA petition a letter, which he claims is an

affidavit, from a psychotherapist who treated him as a child from ages 7 to 13 for ADHD, ODD, and learning disabilities. PCRA Petition at Exh. 2. The letter was postmarked April 3, 2020. Feliciano argues that this letter "along with the fact that was he was housed in the mental institution when the Sherriff's [sic] picked him up and the fact that he is currently in a mental institution is enough to require an evidentiary hearing[.]" Mem. of Law in Supp. of PCRA Pet. at 12. Feliciano seems to suggest that this letter is newly discovered evidence showing he was incapable of entering a voluntary, intelligent, and knowing plea when he pleaded guilty.

Feliciano's argument is undeveloped, and he has therefore waived it. *See Commonwealth v. Thomas*, 215 A.3d 36, 51 (Pa. 2019). Even if it were not waived, it is without merit. First, it is well settled that "there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (brackets omitted). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* Due to Feliciano's failure to raise a genuine issue of material fact in his petition, the PCRA court did not err in denying him an evidentiary hearing.

Moreover, Feliciano's claim does not fall within the unknown fact exception to the PCRA's time-bar. The "fact" on which Feliciano relies is a document describing his childhood diagnoses of ADHD, ODD, and learning disabilities. That document is at best new evidence of a fact and is not a new fact itself. A newly willing source for previously known facts does not fall within the meaning of the exception to the time-bar. **Marshall**, 947 A.2d at 720. Furthermore, Feliciano has not established that he was unable to discover the fact of his diagnoses earlier through exercising due diligence. Feliciano has not claimed that he did not know at the very least that the psychotherapist had treated him. Accordingly, the PCRA properly dismissed this claim.

Feliciano's fifth issue also purports to assert the unknown fact exception. Feliciano claims that certain Philadelphia police officials who were involved in the investigation of his case, namely Detective James Pitts, Detective Phillip Nordo, Detective Omar Jenkins, Officer Seigafuse, and Assistant District Attorney Andrew Notaristefano, were found to be responsible for misconduct in other unrelated cases. Feliciano argues that his counsel failed to investigate these officials to determine whether any witnesses were threatened, coerced, or intimidated by them into falsely implicating Feliciano in this matter. Feliciano's Br. at 27.

Feliciano has again failed to prove the applicability of the unknown fact exception. Although he states that he learned about the police officials' misconduct from an inmate, he fails to allege when he learned about the information, nor why he could not, with the exercise of due diligence, have

obtained it earlier. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Accordingly, since Feliciano failed to prove an exception to the PCRA's time limitations, the PCRA court properly dismissed his petition.

Order affirmed.

Judge Bowes joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022